No. 14799

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

IN RE THE MARRIAGE OF

THERESA C. O'NEILL,

                    Petitioner and Respondent,

        -vs-

PAT A. O'NEILL,

                    Respondent and Appellant.


Appeal from:  District Court of the Nineteenth Judicial District,
              Honorable Robert M. Holter, Judge presiding.

Counsel of Record:

    For Appellant:

        Donald L. Shaffer, Libby, Montana

    For Respondent:

        Fennessy, Crocker, Harman and Bostock, Libby, Montana


                        Submitted on briefs:  October 4, 1979

                                Decided:  NOV 30 1979

Filed: NOV 30 1979

Thomas L. Kearney
                        Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

A father appeals from a judgment of the Lincoln County District Court holding him in contempt of court for failure to pay child support.

Pat and Theresa O'Neill were granted a dissolution of marriage on January 14, 1977. On January 6, 1977, the parties had entered into a child custody and property settlement agreement whereby the mother was granted custody of the minor children and the father was required to pay $100 per month per child as support which was incorporated in the decree.

Pursuant to a show cause hearing held on November 16, 1978, the husband was found in contempt of court for failure to pay child support. He was sentenced to five days in Lincoln County Jail and was required to pay the accrued child support. The five day sentence, according to the District Court's order, was suspended if the husband paid the accrued child support, continued making such payments in the future, and maintained major medical and dental insurance for the benefit of the minor children. The father appeals from this judgment and order.

Neither party addresses the controlling issue in this appeal, viz. Is a contempt order appealable?

Section 3-1-523, MCA, states in pertinent part:

> "The judgment and orders of the court or judge made in cases of contempt are final and conclusive. There is no appeal, but the action of a district court or judge can be reviewed on a writ of certiorari by the supreme court or a judge thereof . . ."

The statutes governing contempt of court are found at sections 3-1-501, et seq., MCA. These statutes provide for two kinds of procedure depending upon whether the contempt was committed in the presence of the court or not. Sections 3-1-511 and 512, MCA. It must be noted, however, that these two sections make the distinction between the two types of contempt merely on procedural

grounds. Section 3-1-523 makes no distinction between the two types of contempt.

In State ex rel. Rankin v. District Court (1920), 58 Mont. 276, 191 P. 772, a case which involved contempt committed in the presence of the court, this Court said " . . . the convicted contemnor, if he chooses, may submit it [the record] to the appellate tribunal for review by appeal from the final judgment, or by other appropriate method. In this state he may do this only by invoking the writ of certiorari . . ." 58 Mont. at 289. Subsequently, this Court cited the above language from Rankin with approval in Ex parte Burns (1928), 83 Mont. 200, 208, 271 P. 439. Burns involved a contempt citation which was issued when the relator would not relinquish custody of a minor daughter pursuant to a valid court order.

In Hanson v. Hanson (1928), 83 Mont. 428, 272 P. 543, the District Court held a hearing concerning the plaintiff's alleged contempt in failing to comply with the terms of a decree of divorce. The District Court dismissed the contempt proceeding and the defendant appealed. In a per curiam opinion this Court merely cited the relevant statute (now section 3-1-523, MCA) and said, "nothing remains for us to do but to dismiss the attempted appeal, and it is so ordered." 83 Mont. at 429.

In the Rankin case, supra, this Court said:

"The power to inflict punishment in either [indirect or direct contempt] is inherent in the courts . . . The power is designated as 'inherent' because it is necessary to preserve the dignity of the judicial department of the government, and . . . must be exercised to its fullest extent . . . to enforce . . . rights after they have been determined." 58 Mont. at 288

This inherent power must be exercised by the courts with the knowledge that it will not be upset on appeal. This is necessary to preserve the dignity and authority of the court.

Appeal dismissed.

- 3 -

_Frank I. Haswell_
_____

                              Chief Justice

We concur:

_Gene B. Daly_
_____

_John Conway Harrison_
_____

_Daniel J. Shea_
_____

_John C. Sheehy_
_____

Justices

- 4 -