No. 91-280

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF BRUCE LEE TRYAN,

Petitioner and Respondent,

-vs-

TERESA ANN JAGIELLO, formerly TERESA ANN TRYAN,

Respondent and Appellant.

FILED

NOV 14 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fifteenth Judicial District,
               In and for the County of Daniels,
               The Honorable M. James Sorte, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Loren J. O'Toole; O'Toole & O'Toole, Plentywood,
        Montana.

    For Respondent:

        Francis J. McCarvel, Attorney at Law, Glasgow,
        Montana.


Submitted on briefs: October 3, 1991

Decided: November 14, 1991

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

On April 3, 1991, the Fifteenth Judicial District Court in Gallatin County held the appellant Teresa Ann Jagiello (Jagiello) in contempt for refusing the visitation rights of the natural father, Bruce Lee Tryan (Tryan). Ms. Jagiello appeals. We dismiss the appeal.

Ms. Jagiello and Mr. Tryan were granted a dissolution on October 14, 1987. The District Court granted Ms. Jagiello permanent custody of their two minor children subject to Mr. Tryan's reasonable visitation rights.

In August 1990, the court terminated Mr. Tryan's visitation. December 21, 1990, after a hearing on the matter, the court issued an order restoring his visitation rights.

February 25, 1991, Mr. Tryan filed a petition moving the court to hold Ms. Jagiello in contempt for failing to comply with the visitation order. At a show cause hearing held on March 20, 1991, Ms. Jagiello admitted she knew of the court order restoring Mr. Tryan's visitation. Ms. Jagiello stated that despite the order, she refused to allow Mr. Tryan visitation.

Pursuant to this hearing the court entered an order dated April 3, 1991, which found Ms. Jagiello in contempt and ordered her to pay $1,000 to Mr. Tryan as punishment and $1,168.75 in attorney's fees.

Mr. Tryan contends that the order of the District Court holding Ms. Jagiello in contempt for failure to allow visitation is not an appealable order.

Section 3-1-52?, MCA, states:

> The judgment and orders of the court or judge made in cases of contempt are final and conclusive. There is no appeal, but the action of a district court or judge can be reviewed on a writ of certiorari by the supreme court or a judge thereof...

We agree that under § 3-1-523, MCA, and In Re the Marriage of O'Neill v. O'Neill, (1979), 184 Mont. 415, 603 P.2d 257, this appeal should be dismissed. The proper procedure for review of a contempt order is through a writ of certiorari. We dismiss this appeal.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

3

November 14, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Loren J. O'Toole, II
O'Toole & O'Toole
P.O. Box 529
Plentywood, MT  59254-0529

Francis J. McCarvel
Attorney at Law
P.O. Box 388
Glasgow, MT  59230


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy