No. 01-594

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 276

_____

OPINION AND ORDER

RUSSELL K. JONES, Esq.

Relator,

v.

MONTANA NINETEENTH JUDICIAL

DISTRICT COURT, Lincoln County,

The Honorable Michael C. Prezeau, Presiding Judge

Respondent.

_____

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶1 Before this Court is Attorney Russell K. Jones's (Jones) Petition for Review or Supervisory Control and Motion for Stay. The Petition seeks review of an order by District Judge Michael C. Prezeau on February 8, 2001, holding Jones in contempt in connection with Jones's representation of Debbie Lynch and Matthew Kyle in the Nineteenth Judicial District Court, Lincoln County, Cause No. DN-00-23 and Judge Prezeau's subsequent denial of Jones's motion to reconsider on March 1, 2001. The Motion for Stay involves Jones being required to appear before District Judge Stewart E. Stadler

on September 11, 2001, in the Nineteenth Judicial District Court, Lincoln County, Cause No. DV-01-4004, for proceedings to determine why Jones should not be held in contempt of court for his failure to pay the fine imposed by Judge Prezeau pursuant to his original order holding Jones in contempt in Cause No. DN-00-23.

¶2 Initially, we point out that contempt orders are not appealable, but can be reviewed by way of petition for writ of certiorari, also known as a writ of review. Sections 3-1-523, 3-2-212(2), 27-25-101 & 102, MCA; *O'Neill v. O'Neill* (1979), 184 Mont. 415, 416, 603 P.2d 257, 258; *Kauffman v. Twenty-First Judicial Dist. Court*, 1998 MT 239, ¶ 16, 291 Mont. 122, ¶ 16, 966 P.2d 715, ¶ 16. Although review of contempt by writ of certiorari is the designated method of review of contempt orders, certain exceptions to this procedure are allowed. *See Lee v. Lee*, 2000 MT 67, ¶ 37, 299 Mont. 78, ¶ 37, 996 P.2d 389, ¶ 37 (under the "family law exception," a contempt order may be reviewed by direct appeal only when the judgment appealed from includes an ancillary contempt order which affects the substantial rights of the involved party). Further, if the relator is barred from using a writ of certiorari because the record required by § 27-25-202, MCA, has not been established, we allow for review of contempt by writ of supervisory control as another exception to the designated procedure. *State ex rel. Anderson v. District Court* (1980), 188 Mont. 77, 79, 610 P.2d 1183, 1185; *see also In re Graveley* (1980), 188 Mont. 546, 555, 614 P.2d 1033, 1038.

¶3 In this case, Jones asserts his Petition could be considered one for a writ of certiorari or, alternatively, one for a writ of supervisory control. As mentioned, the procedure designated by § 3-1-523, MCA, allows for review only by writ of certiorari. We need not reach the issue of whether one of the exceptions to this procedure applies here because we decide this case on the threshold issue of the timeliness of Jones's filing of his Petition for writ of certiorari.

¶4 At the outset, Jones raises the threshold issue of timeliness and asserts that his Petition was timely filed. In this case, Jones was held in contempt of court on February 8, 2001, and the District Court denied his motion to reconsider on March 1, 2001. His instant Petition was not filed until August 27, 2001--over six months from the court's original order and over five months from the court's denial of his motion to reconsider. As justification for the delay, Jones states that he waited to file his Petition until after a July 30, 2001 disposition in the underlying cause in order to prevent impairing the trial court's impartiality toward his client's interests. However, as Jones himself notes, a contempt proceeding is an action entirely independent from the underlying cause. *McPartlin v.*

*Fransen* (1978), 178 Mont. 178, 182, 582 P.2d 1255, 1258.

¶5 We choose not to establish a precedent that allows review of contempt proceedings to be delayed until the underlying cause is resolved. To assume the trial court will not be impartial in an underlying cause because of a contemporaneous contempt proceeding is to hinder the trial court's inherent contempt power by implying the trial court cannot reasonably exercise its power. *O'Neill*, 184 Mont. at 417, 603 P.2d at 258 (courts have inherent contempt power in order to preserve the dignity of proceedings). Therefore, we reject this rationale for Jones's delay in filing his Petition.

¶6 That said, it is, nevertheless, necessary that we establish the time frame within which petitions for review of contempt orders must be filed so that we may then decide whether Jones's Petition is timely filed. Because the issue of a time-bar on filing petitions for writs of certiorari to review contempt proceedings is an issue of first impression in this Court, we requested supplemental briefing. The supplemental briefing is complete, and we now address this threshold issue, as raised by Jones.

## II. TIME FRAME FOR FILING PETITIONS FOR WRITS OF CERTIORARI TO REVIEW CONTEMPT PROCEEDINGS

### A. Five Years or Thirty Days?

¶7 Jones asserts that a five-year statute of limitation should apply to writs of review of contempt proceedings. He bases his argument on § 27-2-231, MCA, the section providing for a default statute of limitation. Section 27-2-231, MCA, reads: "An action for relief not otherwise provided for must be commenced within 5 years after the cause of action accrues." Further, in the definitions section of Title 27, § 27-2-101, MCA, requires that the word "action" is "to be construed, whenever necessary to do so, as including a special proceeding of a civil nature." *See also* § 25-1-102(2), MCA.

¶8 In support of his argument, Jones cites *Shaffroth v. Lamere* (1937), 104 Mont. 175, 179-80, 65 P.2d 610, 611-12. This case involved a petition for a writ of review submitted to a district court requesting review of a justice court's default judgment. *Shaffroth* addressed the question of the statute of limitation involved under the statutory predecessor of § 27-25-102, MCA, which specifies the authority to grant a writ of review. This statute, which is substantively the same as its predecessor as it relates to this case, now reads:

A writ of review may be granted by:

(1) the supreme court and any justice of the supreme court, in proceedings for contempt in the district court; or

(2) the supreme court or the district court or any judge of those courts, when a lower tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of the tribunal, board, or officer and there is no appeal or, in the judgment of the court, any plain, speedy, and adequate remedy.

*Shaffroth held that the default statute of limitation of five years applied to the situation in which one of the parties waited six years to seek a writ of review of the justice court's default judgment. Shaffroth, 104 Mont. at 179-80, 65 P.2d at 611-12. Jones argues that Shaffroth requires that the default five-year statute of limitation applies to all writs of review under § 27-25-102, MCA, including review of a contempt proceeding by way of a writ of certiorari.*

¶9 In the alternative, Jones cites Rule 17(d), M.R.App.P., for the proposition that original proceedings before this Court, which could include writs of certiorari to review contempt proceedings, may be filed "at any time."

¶10 In contrast, the District Court asserts that a 30 day deadline should apply to petitions for writs of review of contempt proceedings. The District Court bases its argument on the procedures designated by Chapter 25 of Title 27, the chapter which authorizes writs of review, and on the Montana Rules of Appellate Procedure. Section 27-25-103, MCA, which immediately follows the statute authorizing writs of review, reads:

Except as otherwise provided in this chapter, the provisions of Title 25 are applicable to and constitute the rules of practice in the proceedings mentioned in this chapter. The provisions of Title 25 relative to new trials and appeals, except insofar as they are inconsistent with the provisions of this chapter, apply to the proceedings mentioned in this chapter.

The District Court argues that according to this section of Title 25, specifically Chapter 21 which comprises the Montana Rules of Appellate Procedure, applies, inasmuch as Jones's Petition is filed before the Supreme Court.

¶11 Turning to Chapter 21 of Title 25, the District Court cites Rule 1, M.R.App.P., which states that the Rules of Appellate Procedure govern appeals *and original proceedings* in the Supreme Court. Further, Rule 17, M.R.App.P., requires that original writs, including writs of review, be commenced and conducted as "prescribed by the applicable sections of the Montana Code Annotated for the conduct of such or analogous proceedings . . . ." The District Court asserts that petitions for writs of review of contempt are analogous to appeals and that therefore, the Montana Rules of Appellate Procedure apply to reviews of contempt orders. Following this rationale, the court maintains that Rule 5, M.R.App.P., requires that appeals must be filed within 30 days (or 60 days if the State is a party) of the entry of the judgment or the order appealed from. The District Court points out that the current Montana Rules of Appellate Procedure were significantly rewritten and enacted in 1966, after *Shaffroth* was decided. This includes Rule 17, M.R.App.P, mentioned above, which governs the procedure for original writs.

¶12 In response to this argument, Jones asserts that, according to choice of law holdings, statutes of limitation are substantive law rather than procedural law. He argues that the statute cited in support of the District Court's position, § 27-25-103, MCA, which applies Title 25 relative to new trials and appeals, only applies to procedural matters.

¶13 In the alternative, the District Court also cites Rule 72, M.R.Civ.P., which reads:

> When an appeal is permitted by law from a district court to the supreme court of Montana, or in any case where original proceedings are commenced in the supreme court, such appeal or original proceeding shall be taken, perfected, and prosecuted pursuant to the provisions of the Montana Rules of Appellate Procedure and controlling statutes to the extent that they are not superseded by the Montana Rules of Appellate Procedure.

The District Court asserts that even if *Shaffroth* controlled statutory interpretation at one point, Rule 72, M.R.Civ.P., superseded that case when it was enacted in 1966, with the result that the Montana Rules of Appellate Procedure now prescribe the time frames within which petitions for writs of review or certiorari involving contempt proceedings may be filed.

## B. Discussion

¶14 In light of the above arguments, the issue here is whether the time limitation for filing

petitions for writs of certiorari to review contempt proceedings should come from Title 25, which includes the Montana Rules of Civil Procedure and the Montana Rules of Appellate Procedure, or from Title 27, which prescribes the various statutes of limitation for the commencement of actions. By framing the issue in this way, we conclude that other possible time limitations, such as that allowed for original proceedings with no underlying case (i.e. "at any time") or laches, do not apply. To set such indefinite time frames for the petitions at issue here would discourage judicial economy and would erode the inherent contempt power of the courts, where the proceedings requiring review are straightforward, definite, and final. *See* § 3-1-523, MCA.

¶15 As already noted, we recognize that there is no appeal, as such, from an order of contempt in a civil proceeding. The exclusive method of review of contempt orders in civil proceedings (with certain exceptions not at issue here) is by way of a writ of certiorari or writ of review. Section 3-1-523, MCA. *See also O'Neill*, 184 Mont. at 416, 603 P.2d at 258; *Kauffman*, ¶ 16. Further, this review is generally limited to questions regarding proper jurisdiction and whether evidence supports the contempt. *Kauffman*, ¶ 16

¶16 Nonetheless, review by this Court of contempt orders by grant of certiorari is, substantively, this Court's appellate review of the lower tribunal's proceedings and decision in this particular type of cause. Keeping that central point in mind, it follows that the issue of timeliness for the filing of a petition for writ of certiorari or review is not a statute of limitation issue. Indeed, to mechanically characterize petitions for writs of certiorari to review lower court contempt proceedings as original proceedings themselves governed by the five-year statute of limitation of § 27-2-231, MCA, is to deny the basic nature of the relief being requested by Jones--appellate review. *See Applicability of Statute of Limitations or Doctrine of Laches to Certiorari*, 40 A.L.R.2d 1381 (1955) (citing cases in which limitations for filing appeals are found applicable by analogy to filing petitions for writs of certiorari, but not addressing the specific issue of contempt).

¶17 Furthermore, petitions for writs of certiorari to review contempt proceedings are fundamentally different from other original proceedings commenced in this Court. For example, in original declaratory judgment actions, our decision is not dependent on underlying proceedings in any lower tribunal. *See Grossman v. Department of Natural Resources* (1984), 209 Mont. 427, 436, 682 P.2d 1319, 1324.

¶18 Petitions for writs of certiorari involving contempt proceedings are also fundamentally different from petitions for writs of supervisory control. While there is an underlying case,

the petitioner for supervisory control must demonstrate a gross injustice or mistake in the law and emergency circumstances where appeal is an inadequate remedy, as justification for this Court taking supervisory control of the lower court proceedings. *Park v. Sixth Judicial Dist. Court*, 1998 MT 164, ¶ 13, 289 Mont. 367, ¶ 13, 961 P.2d 1267 ¶ 13. Petitions for supervisory control do not so much involve appellate review of and a decision on the entirety of the underlying proceeding as they involve this Court dealing with discrete questions of law during the pendency of the underlying proceeding.

¶19 Similarly, Jones's argument that § 27-25-103, MCA, does not apply because statutes of limitation are substantive rather than procedural issues also ignores the basic nature of the review relief he is requesting. Statutes of limitation are considered substantive law because these time frames address substantial rights of the parties. *Joyce v. Garnaas*, 1999 MT 170, ¶ 14, 295 Mont. 198, ¶ 14, 983 P.2d 369, ¶ 14. Jones cites no authority for the proposition that the time frame within which we exercise our discretionary power under § 27-25-102, MCA, to review normally final and unappealable contempt proceedings constitutes a substantial right on his part, rather than a procedural matter similar to the time frame within which notices of appeal must be filed.

¶20 Further, Jones's reliance on *Shaffroth* is misplaced. First, the case held that the subject at issue in the petition for the writ of review was actually an appealable issue, rather than one that could only be reviewed by a writ of review. *Shaffroth*, 104 Mont. at 179-80, 65 P.2d at 612. Second, regarding the statute of limitation holding in *Shaffroth*, the opinion states that the rules of procedure as designated by then sections 9008 to 9832 apply. *Shaffroth*, 104 Mont. at 179, 65 P.2d at 612. These sections include the precursors to the statutes of limitation, now in Title 27, but these sections also include the precursors to the Montana Rules of Civil Procedure and the Montana Rules of Appellate Procedure, now in Title 25. *Shaffroth* also involved a six-year delay that was not related to a review of contempt. In addition, *Shaffroth* was decided before current Rule 72, M.R.Civ.P., was enacted and before the current Montana Rules of Appellate Procedure were enacted.

¶21 Finally, to characterize a petition for a writ of certiorari to review a contempt proceeding as a "special proceeding of a civil nature" under § 27-2-101, MCA, denies the *sui generis* nature of contempt and ignores the fact that contempt can be considered either civil or criminal, depending on the circumstances. *Kauffman,* ¶ 17. Further, in this case it appears the contempt was criminal rather than civil because the District Court's conclusions of law indicate that it wished to punish Jones and restore the authority of the court. *See Kauffman,* ¶ 17 (distinguishing civil and criminal contempt).

¶22 Because the time frame in which to file petitions for writs of certiorari to review contempt proceedings is a procedural issue analogous to the procedure for filing notice of appeal, we hold that § 27-25-103, MCA; Rule 72, M.R.Civ.P.; Rule 1, M.R.App.P.; and Rule 17, M.R.App.P., require that the time frame for such petitions be determined by the Montana Rules of Appellate Procedure. Specifically, we hold that pursuant to Rule 5, M.R. App.P., petitions for writs of certiorari to review contempt proceedings must be filed with the clerk of the district court within 30 days of the date the district court enters its order finding contempt. Further, as required by Rule 5, M.R.App.P., if the State is a party to the contempt proceeding, such petitions must be filed within 60 days.

¶23 In making this holding, we specifically overrule *Shaffroth* to the extent it holds that the general five-year statute of limitation in § 27-2-231, MCA, applies to all writs of review authorized in § 27-25-102, MCA. We also note that our holding here only applies to petitions for writs of certiorari to review contempt proceedings and does not otherwise limit our power to grant writs of supervisory control pursuant to Article VII, Section 2, of the Montana Constitution or to consider applications for other types of original proceedings.

¶24 In this case, Jones's instant Petition seeks review of the trial court's February 8, 2001 and March 1, 2001 orders regarding his contempt. Jones filed his Petition more than 30 days after the final order in the District Court finding him in contempt. Jones argues that if we hold--as we have here--that petitions for writs of certiorari or review involving contempt proceedings must be filed within the times prescribed by Rule 5, M.R.App.P., that our decision should not apply to him, because this holding was not foreshadowed by prior case law and because he relied on *Shaffroth*. We disagree.

¶25 As a general matter we are extremely reluctant to enter decisions that have only prospective application and that do not apply to the cause at issue. As stated above, the time frame within which a petition for a writ of certiorari to review contempt must be filed is analogous to the time frame for filing notices of appeal, a purely procedural issue. Procedural rules generally apply without regard to retroactive or prospective application. *State ex rel. Johnson v. District Court of Fourth Judicial Dist.* (1966), 148 Mont. 22, 28, 417 P.2d 109, 112; *see generally Haugen v. Blaine Bank* (1996), 279 Mont. 1, 926 P.2d 1364. More to the point, here, Jones himself raised the question of the timeliness of the filing of his Petition, and he advanced arguments supporting a position which we have rejected in favor of the counter-arguments of the District Court. It is not logical that, on the one hand, our decision should apply to Jones if we rule in his favor, but that it should

not if we rule against him.

¶26 Furthermore, we are not persuaded by Jones's argument that he relied on *Shaffroth*. As already noted, that case preceded the adoption of the present Rule 72, M.R.Civ.P., and the current Rules of Appellate Procedure; the case found the petition at issue was actually an appealable matter; and the case is distinguishable on its facts. The fact that a petitioner relies on certain case law is hardly a reason not to apply an adverse ruling to that party.

¶27 Accordingly,

IT IS ORDERED that Jones's Petition is DISMISSED as time-barred.

IT IS FURTHER ORDERED that the stay granted by this Court for all proceedings relative to Jones's contempt in Cause Nos. DN-00-23 and DV-01-4004 is VACATED and this cause is REMANDED to the District Court for further proceedings.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Order by mail to Russell K. Jones; to the Hon. Michael C. Prezeau; and to the Hon. Stewart E. Stadler.

DATED this 19th day of December, 2001.

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ PATRICIA COTTER

/S/ W. WILLIAM LEAPHART

/S/ JIM RICE

Justice Terry N. Trieweiler dissents.

¶28 I dissent from the majority's conclusion that the relator's petition for writ of review is

barred because not filed within thirty days from the District Court's order holding Jones in contempt. For one thing, Jones' petition is not analogous to an appeal. Appeals of contempt orders are specifically prohibited. However, if the petition was analogous to an appeal, the appeal could not have been brought within thirty days from the District Court's order because the order was interlocutory and did not finally resolve all issues in the case. Furthermore, it had not been certified as final pursuant to Rule 54(b), M.R.Civ.P.

¶29 Second, Jones had every right to rely on this Court's prior opinion in *Shaffroth v. LaMere* (1937), 104 Mont. 175, 65 P.2d 610, which is directly on point and the majority's efforts to distinguish that case are unpersuasive.

¶30 I agree that the choice before the Court is whether the time limitation for filing petitions for a writ of certiorari to review contempt proceedings should come from Title 25 or Title 27. I disagree that that issue has not been previously decided and that it was necessary for this Court to reinvent the procedural wheel. In *Shaffroth*, we noted that:

> It is generally held that where the question is not regulated by statute, the writ of review must be applied for within a reasonable time or it will be refused or dismissed if improvidently issued. (11 C.J. 146.)

104 Mont. at 179.

¶31 We noted, however, that pursuant to § 9066 of the Revised Codes (now § 27-2-101, MCA) an "action" includes "special proceedings of a civil nature" and that pursuant to § 9041 of the Revised Codes (now § 27-2-231, MCA), an "action" for relief not otherwise provided for must be commenced within five years after the cause of action accrued. We concluded, therefore, that LaMere's application for a writ of review was not timely because it was filed nearly six years from the action complained of and that although the District Court's dismissal was based on latches rather than the statute of limitations, it was the correct result and should be affirmed. Most importantly we did not make any distinctions based on the type of relief sought in the petition for writ of review and the relator in this case had every right to expect that *Shaffroth* applied to the time within which his petition had to be filed.

¶32 The majority concludes otherwise for reasons with which I disagree. First, the Court notes that the real nature of the relief sought in Jones' petition is appellate review. That assumption ignores the statutory prohibition of appellate review from contempt orders.

Furthermore, the relief to which Jones is entitled by writ of review is much more limited than would be permitted under appellate review. As we have previously held, review of contempt orders is generally limited to questions of proper jurisdiction and whether evidence supports the contempt. *See Kauffman v. Twenty-First Judicial District Court*, 1998 MT 239, ¶ 16, 291 Mont. 122, ¶ 16, 966 P.2d 715, ¶ 16.

¶33 Second, the majority reasons that proceedings for a writ of review are fundamentally different than those for supervisory control. However, neither is that correct. Supervisory control is appropriate, as noted by the majority, where the district court is acting based on a mistake of law and a substantial injustice will result for which there is no remedy by appeal. A writ of review from an order of contempt is appropriate where the district court is acting beyond its jurisdiction or there is no evidence to support the contempt. In either event, a gross injustice would result and there is no remedy by appeal. The two proceedings couldn't be more analogous.

¶34 The majority observes that Jones' reliance on *Shaffroth* is misplaced. However, for reasons previously mentioned, Jones' reliance on *Shaffroth* is totally logical since it is directly on point.

¶35 The majority explains that Jones' petition for a writ of review could not be civil in nature because it is to correct a contempt order which was entered for punitive purposes. However, if the District Court's order was for the purpose of punishing Jones then it was clearly without jurisdiction to enter the order. In *Kauffman* we held that unless necessary to maintain decorum of the court, summary proceedings such as held in this case did not comport with due process. Furthermore, contempt for the mere purpose of punishment cannot be decided, as was done in this case, by the complaining judge.

¶36 Finally, § 27-25-103, Rule 72, M.R.Civ.P., Rule 1, M.R.App.P., and Rule 17(b), M.R. App.P., on which the majority rely are inapplicable to this proceeding by their own terms. Section 27-25-103, MCA, makes the provisions of Title 25 applicable to appeals. However, as previously noted, appeals are not permitted from orders of contempt. Rule 72 provides that original proceedings should be perfected pursuant to the provisions of the Montana Rules of Appellate Procedure. However, Rule 17(b) provides that proceedings commenced in the Supreme Court to obtain a writ of review "shall be commenced and conducted in the manner prescribed by the applicable sections of the Montana Code Annotated for the conduct of such analogous proceedings." It would appear to me that the applicable sections of the Montana Code Annotated are those found applicable by our

prior decision in *Shaffroth*. Furthermore, subparagraph (d) of Rule 17 provides that "an original application may be made to the Supreme Court at any time." Therefore, based on the more specific language found in the rules of appellate procedure, the time period for filing original applications such as a writ of review are not subject to the time constraints for notices of appeal. The only other time constraints provided are those provided by statute in Title 27 and made applicable by our prior decision in *Shaffroth*.

¶37 On the face of Jones' petition it appears to have merit. He was punished by the District Court following summary proceedings for contempt which was not committed in the District Court's presence and which did not threaten the dignity of the Court nor its ability to enforce its orders. He was not provided with the procedural safeguards required by our decision in *Kauffman* nor was the issue of his contempt referred to a judge other than the judge who initially complained about his conduct. Jones filed his petition for a writ of review within the time period required by our only previous decision on the subject and there is no directly applicable rule which should cause this Court to depart from that prior decision. Furthermore, to do so without notice to the Bar under the circumstances in this case is particularly harsh and unreasonable. For these reasons, I dissent from the majority opinion.

DATED this 19th day of December, 2001.

/S/Terry Trieweiler