FILED

08/23/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0461

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0461

TODD ZIMBELMAN,

Petitioner,

v.

MONTANA NINTH JUDICIAL DISTRICT
COURT, HON. ROBERT G. OLSON, Presiding,
and BRANDI C. ZIMBELMAN,

Respondents.

FILED

AUG 2 3 2022

Bowen Greenwood,
Clerk of Supreme Court
State of Montana

ORDER

Petitioner Todd Zimbelman (Todd) seeks a writ of review of the April 25, 2022 Order Affirming Standing Master's Order on Contentment (Order) entered in the Ninth Judicial District Court, Pondera County. The Order affirmed the Standing Master's order that held Todd in contempt for violating an economic restraining order when Todd failed to notify Respondent Brandi C. Zimbelman (Brandi) that he had received certain crop insurance checks, spent the proceeds, and did not advise Brandi how he spent the money. He further requests that this Court stay the District Court proceeding pending the disposition of this writ.

Todd previously attempted to appeal from the District Court order at issue here. However, we held that the contempt order was not an appealable order as it did not adjudicate any party's rights in the dissolution matter and made no determination of the equitable distribution of the marital estate. *Marriage of Zimbelman*, No. DA 22-0275, Order (Mont. July 26, 2022). We further concluded that "[a]ny consideration of the crop insurance proceeds is reviewable on direct appeal from a final decree in this case," and we dismissed Todd's appeal without prejudice.

Todd now attempts to bring the matter to this Court via writ of review. He asserts that a writ of review, pursuant to § 3-1-523, MCA, is his only remedy as we determined that the order at issue is not an appealable order.

However, Todd's petition is untimely. A writ of review must be filed within 30 days of the date the District Court enters its order finding contempt. *Jones v. Mont. Nineteenth Jud. Dist. Ct.*, 2001 MT 276, ¶ 22, 307 Mont. 305, 37 P.3d 682. In *Jones*, we held that, pursuant to M. R. App. P. 5, (now renumbered as M. R. App. P. 4(5)(a)(i)), petitions for writs of certiorari to review contempt proceedings must be filed with the clerk of the district court within 30 days of the date the district court enters its order finding contempt. Here, Todd did not file his petition until August 18, 2022—115 days after the District Court entered its order. The petition is therefore untimely.

Moreover, we previously held that the dispute over the crop insurance proceeds would be "reviewable on direct appeal from a final decree in this case." That remains our ruling.

Therefore,

IT IS ORDERED that the petition for a writ of review is DENIED and DISMISSED.

The Clerk is directed to provide copies of this Order to counsel for Petitioner, to counsel for Brandi C. Zimbelman, and to the Hon. Robert G. Olson, presiding District Judge.

DATED this 23rd day of August, 2022.

_____
Chief Justice

_____

_____

_____
Justices

2