

FILED

10/18/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0461

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 22-0461

TODD ZIMBELMAN,

        Petitioner,

        v.

MONTANA NINTH JUDICIAL DISTRICT
COURT, HON. ROBERT G. OLSON, Presiding,
and BRANDI C. ZIMBELMAN,

        Respondents.

FILED

OCT 1 8 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

### O R D E R

On August 18, 2022, Petitioner Todd Zimbelman (Todd) sought a writ of review of the April 25, 2022 Order Affirming Standing Master's Order on Contentment of the Ninth Judicial District Court, Pondera County, that affirmed a Standing Master's order that held Todd in contempt for violating an economic restraining order by failing to notify Respondent Brandi C. Zimbelman that Todd had received certain crop insurance checks and spending the proceeds without advising her as to how he intended to spend those proceeds.

On August 23, 2022, we denied Todd's petition on the grounds that it was untimely filed pursuant to M. R. App. P. 4(5)(a)(i) and *Jones v. Mont. Nineteenth Jud. Dist. Ct.*, 2001 MT 276, ¶ 22, 307 Mont. 305, 37 P.3d 682, as we concluded the petition had been filed more than 30 days after the date the District Court entered its order finding contempt. *Marriage of Zimbelman*, No. OP 22-0461, Order (Mont. Aug. 23, 2022). In that Order, we also pointed out that we had previously held that any consideration of the crop insurance proceeds would be reviewable on direct appeal from a final decree in the underlying case. *Marriage of Zimbelman*, No. DA 22-0275, Order (Mont. July 26, 2022).

Todd now petitions for rehearing of our Order dismissing his petition for writ, arguing that we erred because the District Court order was not "entered" when that court filed it on

April 25, 2022. Todd asserts that because the judgment was not set out in a separate document as required by M. R. Civ. P. 58(a), the judgment would not be considered "entered" until the District Court either set out the judgment in a separate document or 150 days have run from the entry in the civil docket, as set forth in Rule 58(c)(2). Thus, Todd maintains that the District Court's Order Affirming Standing Master's Order on Contentment was not entered until September 22, 2022, giving him until October 24, 2022, to timely file this petition pursuant to M. R. App. P. 4(5)(a)(i). In other words, although Todd twice requested that this Court overturn the District Court's order—once on direct appeal and once via this writ—he now asserts that both matters were filed prematurely as judgment had not yet been entered in the District Court. Todd admits that under the argument he now raises via petition for rehearing, his August 18, 2022 petition for writ was "technically" not ready for consideration by this Court until the District Court's order was "entered" on September 22, 2022, by operation of Rule 58(c)(2)(B).

Under M. R. App. P. 20, this Court seldom grants petitions for rehearing, and will do so only upon grounds set forth in M. R. App. P. 20(1). Under Rule 20(1)(a), this Court will consider a petition for rehearing only if: (i) it overlooked some fact material to the decision; (ii) it overlooked some question presented by counsel that would have proven decisive to the case; or (iii) its decision conflicts with a statute or controlling decision not addressed by the Court. Pertinent to the matter before us, Rule 20(1)(d) further provides, "Absent clearly demonstrated exceptional circumstances, the supreme court will not grant petitions for rehearing of its orders disposing of . . . petitions for extraordinary writs."

In this instance, we conclude that Todd has not demonstrated the existence of exceptional circumstances that warrant rehearing of a petition for extraordinary writ under Rule 20(1)(d). As noted above, the petition for writ of review is the second time Todd has brought this District Court order to this Court. On May 25, 2022, he first filed a direct appeal, which this Court dismissed as improper on July 26, 2022. In that appeal, we were unpersuaded by Todd's assertion that the order at issue was immediately and directly appealable under M. R. App. P. 6(3)(j). However, we did not leave Todd without a remedy;

in our Order of dismissal, we held, "Any consideration of the crop insurance proceeds is reviewable on direct appeal from a final decree in the case." *Marriage of Zimbelman*, No. DA 22-0275, Order (Mont. July 26, 2022). And in our Order dismissing the present original proceeding, we reiterated our holding from the July 26, 2022 Order dismissing Todd's appeal in our Case No. DA 22-0275 that the issue of the consideration of the crop insurance proceeds remained reviewable on direct appeal from a final decree in the underlying case.

Prior to the current petition for rehearing, Todd never raised the separate-document requirement of Rule 58(a) and nothing precluded him from promptly bringing this issue to our attention. Moreover, as we have twice indicated, Todd is not without remedy as the issue for which he seeks review—consideration of the crop insurance proceeds—"is reviewable on direct appeal from a final decree in the [underlying] case." For these reasons, we do not find the requisite exceptional circumstances to warrant rehearing under Rule 20.

IT IS THEREFORE ORDERED that the petition for rehearing is DENIED.

The Clerk is directed to provide copies of this Order to counsel for Petitioner, to counsel for Brandi C. Zimbelman, and to the Hon. Robert G. Olson, presiding District Judge.

DATED this 18 day of October, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3