No. 00-080

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 21

ROBERT WAYNE SHIPLET,

Plaintiff and Appellant,

v

DEANNA EGELAND, JUSTICE OF THE PEACE,

Defendant and Respondent.

APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Park,

Honorable Wm. Nels Swandal, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Terry F. Schaplow, Schaplow Law Firm, Bozeman, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Pamela P. Collins,

Assistant Attorney General, Helena, Montana

Tara DuPuy, County Attorney; Catherine Truman, Deputy

County Attorney, Livingston, Montana

Submitted on Briefs: January 17, 2001
Decided: February 15, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Appellant Robert Wayne Shiplet (Shiplet) appeals from the Sixth Judicial District Court's denial of his petition for writ of review.

¶2 Shiplet was charged in Park County Justice Court with criminal misdemeanor trespass to the property of the Magalskys. Shiplet moved the Justice Court to dismiss the criminal charges for lack of jurisdiction for the reason that, subsequent to the filing of the trespass charge, Shiplet filed a civil action in Park County District Court seeking to enjoin the Magalskys from interfering with Shiplet's purported ditch easement. In his motion to dismiss, Shiplet contended that the District Court, as opposed to the Justice Court, was the better forum to determine whether Shiplet was legally exercising his ditch rights when he was on the Magalskys' property. When the Justice Court denied his motion to dismiss, Shiplet filed for a writ of review in the District Court. The District Court denied the petition for writ of review and Shiplet has appealed from that denial. We affirm the decision of the District Court.

¶3 The question presented by this appeal is whether the District Court abused its discretion in denying Shiplet's petition for a writ of review.

¶4 Shiplet contends that, since the District Court has jurisdiction over his civil suit for injunction and has concurrent jurisdiction over the misdemeanor trespass charge, it is the better or more convenient forum to litigate the various disputes concerning Shiplet's exercise of his ditch rights.

¶5 A writ of review is a discretionary writ issued by the Supreme Court or a district court, directed to an inferior tribunal. The purpose of the writ is to determine whether the inferior court exceeded its jurisdiction. Denial of the writ will be overturned only for an abuse of discretion. State v. McAllister (1985), 218 Mont. 196, 199, 708 P.2d 239, 241. Section 27-25-102(2), MCA, provides that a writ of review may be granted when a petitioner

establishes that (1) the justice court exceeded its jurisdiction, and (2) there is no appeal or there is no plain, speedy and adequate remedy. Both tests must be satisfied, and if either or both elements are not established, then the court is without jurisdiction to issue the writ. BCPOA v. Planning & Zoning Comm'n (1995), 270 Mont. 160, 165, 890 P.2d 1268, 1271.

¶6 Shiplet's petition for a writ of review fails both of the above tests. Shiplet is charged with misdemeanor trespass, a charge which carries a fine of no more than $500 or imprisonment for a term not to exceed six months, or both. Section 45-6-203, MCA. Since the Justice Court clearly has jurisdiction over all misdemeanors punishable by a fine not exceeding $500 or imprisonment not exceeding six months, it cannot be said that the Justice Court exceeded its jurisdiction by proceeding with the trespass charge. Secondly, Shiplet has an adequate remedy of appeal from any judgment of the Justice Court. Sections 3-5-303 and 46-17-311, MCA.

¶7 In addition to not satisfying the two prerequisites for issuance of a writ of review, Shiplet's premise that the District Court has concurrent jurisdiction over the trespass charge is false. The extent of the District Court's concurrent jurisdiction is delineated in § 3-5-302(2), MCA, which provides as follows:

> (2)  The district court has concurrent original jurisdiction with the justice's court in the following criminal cases amounting to misdemeanor:
>
> (a) misdemeanors arising at the same time as and out of the same transaction as a felony or misdemeanor offense charged in district court;
>
> (b) misdemeanors resulting from the reduction of a felony or misdemeanor offense charged in the district court; and
>
> (c) misdemeanors resulting from a finding of a lesser included offense in a felony or misdemeanor case tried in district court.

¶8 A charge of misdemeanor trespass does not fit within any of the statutorily defined instances of concurrent jurisdiction.

¶9 The Justice Court did not exceed its jurisdiction in proceeding with the trespass charge, and the District Court did not have concurrent jurisdiction over that charge. We hold that the District Court did not abuse its discretion in denying Shiplet's petition for a writ of

review.

¶10 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER