JUSTICE REGNIER
delivered the Opinion of the Court.
¶1 Respondent Westmark International Corp. (Westmark) filed a complaint to quiet title in the First Judicial District Court, Broadwater County. Although the complaint named several defendants, Appellant Gold Hill Placers, Inc. (Gold Hill) was the only defendant to appear. As the case proceeded, Westmark and Gold Hill were unable to agree upon a final pretrial order. Frustrated by this delay, the District Court *494 stated that if the parties failed to present a final pretrial order by February 25,2002, the trial date set for the case would be vacated. The parties failed to present a final pretrial order by February 25, 2002; however, the case proceeded to trial as scheduled. Gold Hill failed to appear at the trial, and the District Court entered judgment in favor of Westmark. Gold Hill subsequently filed a motion for a new trial. The District Court denied the motion, and Gold Hill appeals. We affirm.
¶2 We restate the sole issue on appeal as follows:
¶3 Did the District Court abuse its discretion when it denied Gold Hill’s motion for a new trial?
BACKGROUND
¶4 On August 27,1998, Westmark filed a complaint to quiet title on certain real property located in Broadwater County, Montana. The complaint named several defendants; however, Gold Hill was the only defendant to appear. The District Court subsequently entered judgment by default against the remaining defendants. On November 10, 1998, Gold Hill filed a counterclaim against Westmark, asserting that it was entitled to take possession of the disputed property, or in the alternative, to recover damages from Westmark in the amount of $3,700,000.00.
¶5 A pretrial conference was held on February 22, 2002. Counsel for both Westmark and Gold Hill appeared at the conference; however, the parties were not able to agree upon a final pretrial order. Frustrated by this delay, the District Court stated that if the parties failed to present a final pretrial order by February 25, 2002, the trial date set for the case would be vacated. The case was set for trial on March 4, 2002. On February 27, 2002, Gold Hill filed a motion to stay the trial date, as the parties failed to reach an agreement regarding the final pretrial order. The District Court denied Gold Hill’s motion on February 28, 2002.
¶6 Gold Hill failed to appear at the March 4, 2002, trial. On March 5, 2002, the District Court entered its findings of fact, conclusions of law, and judgment, in which it quieted title of the disputed property in favor of Westmark. Gold Hill filed a motion for a new trial on March 15, 2002. On March 22, 2002, the District Court issued an order, stating that Westmark was entitled to recover $23,507.50 in attorney’s fees, and $1,904.10 in costs, from Gold Hill. The District Court denied Gold Hill’s motion for a new trial on March 26, 2002. Gold Hill appealed the District Court’s: (1) findings of fact, conclusions of law, and judgment; (2) March 22, 2002, order; and (3) denial of its motion *495 for a new trial, on April 23, 2002.
STANDARD OF REVIEW
¶7 The standard of review of a district court’s denial of a motion for a new trial is manifest abuse of discretion. Satterfield v. Medlin, 2002 MT 260, ¶ 14, 312 Mont. 234, ¶ 14, 59 P.3d 33, ¶ 14. The decision to grant or deny a new trial is within the sound discretion of the trial judge and will not be disturbed absent a showing of manifest abuse of that discretion. Satterfield, ¶ 14.
DISCUSSION
¶8 Did the District Court abuse its discretion when it denied Gold Hill’s motion for a new trial?
¶9 The District Court’s minute entry from the pretrial conference on February 22, 2002, contained the following statement: “The Court ordered the parties to present the Final Pretrial Order by Monday, February 25,2002, or the Trial date will be vacated.” The parties failed to present a final pretrial order by February 25, 2002; however, the case proceeded to trial on March 4, 2002, as scheduled. Gold Hill did not appear at the trial.
¶10 The District Court entered judgment in favor of Westmark on March 5, 2002. Gold Hill subsequently filed a motion for a new trial. Gold Hill’s motion asserted that because the parties did not present a final pretrial order by February 25,2002, it believed that the trial date was vacated. Therefore, Gold Hill alleged that it was deprived of its substantive rights by: (1) an irregularity in the proceedings; or (2) an accident or surprise, when the District Court conducted the trial in its absence. Accordingly, Gold Hill maintained that it was entitled to a new trial pursuant to either subsection (1) or (3) of § 25-11-102, MCA.
¶11 Section 25-11-102, MCA, provides, in pertinent part, that:
The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:
(1) irregularity in the proceedings of the court, jury, or adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;
(3) accident or surprise which ordinary prudence could not have guarded against[.]
¶12 When considering Gold Hill’s motion for a new trial, the District *496 Court noted that at no point did it ever vacate the March 4, 2002 trial date. Gold Hill apparently recognized that the trial was still scheduled because shortly after the pretrial conference it filed a motion requesting that the District Court continue the trial date. The District Court denied this motion on February 28, 2002. As such, the District Court found that it was unreasonable for Gold Hill to have assumed, in light of the above facts, that the March 4, 2002, trial date was vacated. Therefore, the District Court denied Gold Hill’s motion for a new trial.
¶13 It is apparent that the District Court was exasperated with Gold Hill’s conduct in this matter. In fact, in its order denying the motion for a new trial, the District Court concluded that Gold Hill’s strategy was to “muck up” the water so that Westmark would have difficulty proceeding. Also, the District Court was convinced that Gold Hill’s counsel refused to sign the final pretrial order presented by Westmark’s counsel in order to frustrate the process. Regardless of what the District Court may have stated out of frustration at the pretrial conference, it is obvious that Gold Hill knew it was obligated to file a formal motion seeking a continuance if the trial date was to be vacated. When Gold Hill filed the motion, the District Court denied the request. Therefore, we conclude that it is not plausible that Gold Hill believed that the trial date had been vacated by the parties’ failure to file a final pretrial order.
¶14 In light of our above conclusion, we hold that Gold Hill was not deprived of its substantive rights by either: (1) an irregularity in the proceedings; or (2) an accident or surprise, as contemplated in subsections (1) and (3) of § 25-11-102, MCA. Accordingly, we hold that the District Court did not manifestly abuse its discretion when it denied Gold Hill’s motion for a new trial.
¶15 For the foregoing reasons, the judgment of the District Court is affirmed.
CHIEF JUSTICE GRAY, JUSTICES COTTER, NELSON and LEAPHART concur.