No. 03-368

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 128

PAM BAILEY,

        Plaintiff and Appellant,

    v.

BEARTOOTH COMMUNICATIONS COMPANY,
a Nevada corporation, SUNBELT COMMUNICATIONS
COMPANY, a Nevada corporation, and
WILLIAM STEBBINS,

        Defendants and Respondent.

APPEAL FROM:    District Court of the First Judicial District,
                   In and For the County of Lewis and Clark, Cause No. CDV-98-00021
                   Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            John C. Doubek; Doubek & Pyfer, Helena, Montana

        For Respondent (Beartooth Communications Company):

            Ronald Waterman; Gough, Shanahan, Johnson & Waterman
            Helena, Montana

            Kandace B. Majoros; Brown & Bain, Phoenix, Arizona

Submitted on Briefs:  November 13, 2003

Decided:  May 18, 2004

Filed:

_____
                           Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      In this action, Pam Bailey claimed she was wrongfully terminated from employment with Beartooth Communications Company (Beartooth), a subsidiary of Sunbelt Communications Company.  A jury in the First Judicial District Court, Lewis and Clark County, found Bailey's employment was terminated during her probationary period and, as a result, the court entered judgment in favor of Beartooth, the only remaining defendant at the time of trial.  Bailey appeals from the District Court's denial of her motion for new trial.  We affirm.

¶2      We restate the issues as:

¶3      1.  Did the District Court err by denying Bailey's motion for new trial?

¶4      2.  Did the District Court err by failing to articulate that it had made a conscientious judgment as to Bailey's motion for new trial?

## BACKGROUND

¶5      KTVH television in Helena, Montana, hired Pam Bailey as an advertising salesperson in 1987.  Bailey was still employed at KTVH in July of 1997, when Beartooth purchased the television station and William Stebbins became its general manager.

¶6      In November of 1997, Beartooth suspended Bailey from employment on grounds that she had violated company policy by disclosing company information to a competitor.  Beartooth terminated Bailey's employment one week later.

¶7      Bailey sued Beartooth, Sunbelt Communications Company and Stebbins for wrongful discharge, alleging that no good cause existed to justify her termination from employment.

2

Before trial, Sunbelt and Stebbins moved for summary judgment and the District Court dismissed the claims against them.

¶8 Beartooth presented two defenses at trial. First, it asserted that Bailey was a probationary employee whose employment could be terminated without cause. Second, Beartooth contended that, even if Bailey was not a probationary employee, good cause existed for her termination. The jury found Bailey was a probationary employee during her employment with Beartooth and her employment was terminated during her probationary period. As a result, the District Court entered judgment for Beartooth.

¶9 Bailey moved for a new trial on grounds that defense counsel made improper statements during closing argument and a juror engaged in misconduct. The District Court denied the motion and Bailey appeals.

## STANDARD OF REVIEW

¶10 Our standard of review of the denial of a motion for new trial is whether the district court manifestly abused its discretion. *Satterfield v. Medlin*, 2002 MT 260, ¶ 14, 312 Mont. 234, ¶ 14, 59 P.3d 33, ¶ 14 (citation omitted). An abuse of discretion occurs when a district court acts arbitrarily without conscientious judgment or exceeds the bounds of reason. *Simmons Oil Corp. v. Wells Fargo Bank, N.A.*, 1998 MT 129, ¶ 17, 289 Mont. 119, ¶ 17, 960 P.2d 291, ¶ 17 (citation omitted).

## ISSUE 1

¶11 Did the District Court err by denying Bailey's motion for new trial?

*a. Statements made by Beartooth's counsel during closing argument*

¶12    During closing argument, Beartooth's counsel showed the jury an enlargement of a page from an employee handbook which Bailey had signed on July 21, 1997, entitled "Acknowledgment of Receipt of Handbook." The page read, in relevant part, "I acknowledge that I have received the KTVH Employee Handbook, and I accept responsibility to read it." The Acknowledgment also stated, "I understand and agree that my employment is for no defined duration and that my employment may be terminated at any time, by either KTVH or myself."

¶13    Bailey's counsel objected that the enlargement seemed to refer to at-will employment. In response to the objection, the District Court drew the jury's attention to the above language in the exhibit and stated:

> [The enlargement] refers to her being an at-will employee. I have already ruled that that is not a part of this case in Montana. We do not have at-will employees, and the paragraph at the bottom of that page is not the law in Montana and does not apply to this case; and you're instructed to completely disregard that paragraph.

¶14    Bailey contends that, because the page from the employee handbook implies employment at will, she was denied a fair trial. Relying on *Lopez v. Josephson*, 2001 MT 133, 305 Mont. 446, 30 P.3d 326, she asserts we should grant a new trial to prevent a miscarriage of justice.

¶15    *Lopez* is of no assistance to Bailey. There, plaintiff's counsel persisted in asking numerous objectionable questions and raising impermissible inferences over the course of a two-day trial, despite the district court's repeated admonishments. We concluded the misconduct of plaintiff's counsel was so pervasive as to compel reversal. *Lopez*, ¶¶ 33-34.

4

The situation here is far different. The employee handbook had been admitted into evidence as an exhibit pursuant to the parties' stipulation. In addition, the defense had shown the page from the employee handbook to the jury without objection during its cross-examination of Bailey and direct examination of another witness. Finally, assuming *arguendo* that counsel improperly showed the exhibit to the jury, the court cured any error by immediately admonishing the jury that Montana is not an at-will employment state.

¶16 We hold the District Court did not manifestly abuse its discretion by denying Bailey's motion for new trial based on statements made by defense counsel during closing argument.

*b. Juror misrepresentations*

¶17 During *voir dire,* counsel for both parties asked prospective jury members if they knew any of the parties or witnesses. They did not introduce Bailey's husband and he was not present at the time.

¶18 Bailey's husband was in the courtroom during trial, however. On the second day of trial, after Bailey rested her case, the court convened in chambers with counsel and Juror No. 7. The judge advised counsel that Juror No. 7 had informed the court she knew Bailey's husband. The juror stated she saw Bailey's husband in the courtroom during trial and realized she had briefly met him eight or ten years before when he had borrowed some tools from her husband. She reaffirmed her belief that she could be a fair and impartial juror. The juror then left chambers and the District Court offered counsel an opportunity to put anything else on the record. Bailey's counsel replied he had nothing more. The court ruled that the juror's statements did not require that she be excused.

5

¶19 Following the jury's verdict for Beartooth, Bailey moved for new trial on the basis that the juror had not revealed information regarding her past contact with the Baileys. Specifically, Bailey recalled a 1996 legal dispute concerning a proposed Helena Valley subdivision adjacent to property owned by the Baileys. The juror and her husband had contracted to purchase a lot in the proposed subdivision. Bailey submitted a copy of the minutes from a 1996 Lewis and Clark County Commission meeting listing both herself and the juror as attendees. She also submitted documents showing that, following the County Commission's approval of the subdivision, a homeowners association to which the Baileys belonged brought litigation against the subdivision, Lewis and Clark County, and the juror and her husband. Bailey characterizes her relationship with the juror in the subdivision matter as an adversary situation.

¶20 Bailey cites two cases in support of her argument on this issue, neither of which involved a motion for new trial for juror misconduct. She cites *Satterfield* for the "manifest abuse of discretion" standard of review of a trial court's denial of a motion for new trial. She cites *Westmark Intern. Corp. v. Gold Hill Placers, Inc.*, 2003 MT 119, 315 Mont. 492, 70 P.3d 731--a quiet title action in which we affirmed the district court's denial of a motion for new trial--only for the general proposition that irregularities in trial proceedings of a substantial nature justify a new trial.

¶21 Bailey has not established a prior relationship with Juror No. 7 which rises to the level of adversaries, as she claims. The minutes of the County Commission meeting at which both Bailey and the juror were present do not indicate that either of them spoke publicly at the

6

meeting. Further, the juror and her husband ultimately were dismissed from the subdivision litigation after they withdrew from the contract to purchase a lot. Bailey has established no dishonesty, lack of candor or misrepresentation on Juror No. 7's part. Moreover, until after the trial of this case was completed, Bailey herself apparently forgot about this purported "adversary situation" in which she had previously been involved with Juror No. 7. Her counsel did not advance this argument when the court offered counsel the opportunity to put anything else on the record. Indeed, counsel added nothing to the record and did not object to the District Court's decision regarding Juror No. 7.

¶22 We hold the District Court did not manifestly abuse its discretion by denying Bailey's motion for new trial because of juror misrepresentations.

## ISSUE 2

¶23 Did the District Court err in failing to articulate that it had made a conscientious judgment as to Bailey's motion for new trial?

¶24 Bailey relies on the *Simmons Oil* definition of abuse of discretion as arbitrary acts "without conscientious judgment" to argue that a district court must make an affirmative showing that it has acted conscientiously in rendering a decision in response to a motion for a new trial. She states the District Court failed to articulate any reason why it denied her motion for a new trial and thus failed to satisfy that "requirement." Contrary to Bailey's assertions, the language in *Simmons*, ¶ 17, is merely a definition of abuse of discretion. It does not require or even suggest the necessity of an affirmative articulation by a trial court that it made a conscientious judgment in ruling on a motion for new trial.

7

¶25 In relation to this issue, Bailey also mentions "pronouncements" by this Court in *C. Haydon Ltd. v. Montana Min. Properties, Inc.* (1997), 286 Mont. 138, 146, 951 P.2d 46, 51. The page in the *Haydon* opinion to which Bailey refers reiterates the test for an abuse of discretion discussed above. Moreover, the discussion of the court's denial of the motion for new trial in that case does not impose any content requirements for an order denying such a motion. *See Haydon*, 286 Mont. at 153-55, 951 P.2d at 55-56.

¶26 The District Court's order denying Bailey's motion for new trial states the parties' arguments were considered. Bailey has not established that anything more is required. We hold the District Court did not manifestly abuse its discretion in denying Bailey's motion for new trial by failing to articulate that it had made a conscientious judgment as to Bailey's motion for new trial.

¶27 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JOHN WARNER
/S/ JIM RICE
/S/ JIM REGNIER
/S/ JAMES C. NELSON

8