No. 04-033

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 199

ROMAN SCHAEFER,

                Petitioner and Appellant,

        v.

DEANNA EGELAND, JUSTICE OF THE PEACE,
PARK COUNTY, STATE OF MONTANA,

                Defendant and Respondent.

APPEAL FROM:    District Court of the Sixth Judicial District,
                In and For the County of Park, Cause No. DV 2003-93
                Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Kevin S. Brown; Paoli & Brown, Livingston, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Mark Mattioli,
                Assistant Attorney General, Helena, Montana

                Tara DePuy, Park County Attorney; Brett D. Linneweber,
                Deputy County Attorney, Livingston, Montana

                                Submitted on Briefs:  July 6, 2004

                                        Decided:  August 3, 2004

Filed:

        _____
                        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Roman Schaefer (Schaefer) appeals the District Court's dismissal of his writ of review. We affirm.

¶2    The issues on appeal are restated into the following single issue: Did the District Court err when it dismissed Schaefer's writ of review?

Factual and Procedural Background

¶3    In January 2003 Schaefer pleaded guilty to the offenses of driving under the influence, per se (DUI), and driving with a suspended driver's license. Relevant to this appeal, the Park County Justice Court (Justice Court) sentenced Schaefer for the DUI offense to a fine of $550, three days in jail, and completion of "ACT" (for alcohol and chemical dependency treatment). Schaefer enrolled in the Southwest Chemical Dependency Center to complete the ACT program. Schaefer had two previous DUI-type offenses. This was his third time in the ACT program.

¶4    Selah Fischer (Fischer) became Schaefer's chemical dependency counselor. In early July 2003 Fischer notified Schaefer that he was not complying with his obligations pursuant to the Southwest Chemical Dependency Program. The Justice Court was notified of Schaefer's noncompliance and issued an order for Schaefer to show cause why he should not be held in contempt for failing to comply with his court-ordered obligations to complete the ACT program.

2

¶5 The Justice Court held a hearing on the contempt charge. Schaefer testified, contending that he completed "ACT" because he completed the ACT course. The court entered a contempt order against Schaefer and fined him $125. Schaefer filed a petition for a writ of review of the contempt order with the Montana Sixth Judicial District Court. In support of his contention that he completed the ACT program, Schaefer relied upon a "Certificate of Achievement" he received from Fischer which stated it was "in honor of your completion." A handwritten note on Schaefer's ACT enrollment verification stated that he completed the ACT course.

¶6 The prosecution produced evidence that Schaefer had not completed all of his ACT obligations. The State produced an affidavit from Fischer that stated "[c]ontinued care is a mandatory component for the Petitioner [Schaefer], even after completion of IOP [intensive outpatient treatment] before he successfully completes his assessment requirements." In her affidavit, Fischer stated that Schaefer began IOP but then attempted to manipulate his way out of the treatment. She said that, prior to completion of continued care, Schaefer requested a certificate of completion after he observed that minors received these paper certificates for completion of ACT treatment components. Fischer provided Schaefer with a certificate "but simultaneously advised him that he had not completed all of his assessment and treatment requirements." Fischer claims that after he received this certificate, Schaefer stated he was moving to Mexico and could not complete continued care and the required one year of monitoring. "Petitioner [Schaefer] left treatment without permission and of his own accord."

3

Fischer stated that Schaefer did not move to Mexico but was instead seen drinking in Park County by a Southwest Chemical Dependency staff member.

¶7　The District Court ordered the parties to brief the subject of whether the District Court had jurisdiction over contempt proceedings in the Justice Court. Schaefer claimed that the Justice Court lost jurisdiction because he completed the ACT program. The State argued that Schaefer "simply disagrees with the factual findings by the Court as to whether or not Defendant completed the terms of his sentence. Thus, the Petitioner is simply seeking to appeal the Justice Court's factual findings, which is specifically prohibited [pursuant to *Jones v. Mt. Nineteenth Judicial Dist.*, 2001 MT 276, 307 Mont. 305, 37 P.3d 682]."

¶8　The District Court held a hearing and Schaefer testified. He conceded that he "was to complete the ACT course, and follow all recommendations." He maintained that he was given a certificate of completion because he finished the program. Schaefer claimed that the information contained in Fischer's affidavit was inaccurate. The State was not allowed to call Fischer to rebut Schaefer's testimony. Instead of allowing further testimony, the court determined that Schaefer "should have taken a different route." The District Court dismissed Schaefer's petition for a writ of review on the basis that Schaefer should have brought the action as a petition for postconviction relief. Schaefer appeals the District Court's order dismissing his petition. We affirm.

## Discussion

¶9　Did the District Court err when it dismissed Schaefer's writ of review?

¶10    "The judgment of the court in cases of contempt is final and conclusive. There is no appeal, but the action of a justice of the peace can be reviewed by the district court of the county in which the justice of the court of limited jurisdiction resides." *State v. McAllister* (1985), 218 Mont. 196, 199, 708 P.2d 239, 241; § 3-1-523, MCA. Although contempt orders are not appealable, they "can be reviewed by way of petition for a writ of certiorari, also known as a writ of review." *Jones*, ¶ 2. The purpose of a writ of review is to determine whether a lower court exceeded its jurisdiction. "Section 27-25-102(2), MCA, provides that a writ of review may be granted when a petitioner establishes that (1) the justice court exceeded its jurisdiction, and (2) there is no appeal or there is no plain, speedy and adequate remedy." *Shiplet v. Egeland*, 2001 MT 21, ¶ 5, 304 Mont. 141, ¶ 5, 18 P.3d 1001, ¶ 5. If either or both of these tests are not satisfied, then the court does not have jurisdiction to issue the writ. *Shiplet*, ¶ 5.

¶11    "Denial of the writ will be overturned only for an abuse of discretion." *Shiplet,* ¶ 5. "An abuse of discretion occurs when a district court acts arbitrarily without conscientious judgment or exceeds the bounds of reason." *Bailey v. Beartooth Communications Co.*, 2004 MT 128, ¶ 10, 321 Mont. 305, ¶ 10, 92 P.3d 1, ¶ 10. We will affirm a district court result if the result is correct even if it is reached for the wrong reason. *Maier v. State*, 2003 MT 144, ¶ 22, 316 Mont. 181, ¶ 22, 69 P.3d 1194, ¶ 22.

¶12    Justice courts have subject matter jurisdiction over the misdemeanor criminal offense of a per se DUI. Section 3-10-303, MCA. A repeat DUI-offender must be sentenced to complete a chemical dependency assessment, a chemical dependency education course, and

5

chemical dependency treatment. Section 61-8-732(1), MCA. Additionally, on a second or subsequent DUI conviction, the treatment program "must be followed by monthly monitoring for a period of at least 1 year from the date of admission to the program." Section 61-8-732(9), MCA.

¶13    "[C]ontempt is a discretionary tool of the court to enforce compliance with its decisions." *In re Marriage of Baer*, 1998 MT 29, ¶ 45, 287 Mont. 322, ¶ 45, 954 P.2d 1125, ¶ 45. A justice of the peace may punish a person for contempt for "disobedience or resistance to the execution of a lawful order or process made or issued by the justice[.]" Section 3-10-401(3), MCA. The "power to inflict punishment by contempt is necessary to preserve the dignity and authority of the court." *Marriage of Baer*, ¶ 45.

¶14    The District Court did not issue a writ in this case because it determined that filing a petition for postconviction relief was the appropriate remedy for Schaefer. The court stated that postconviction relief provided Schaefer with a plain, speedy, and adequate remedy. Therefore, the court concluded that since the second prong of the two-part test for issuing a writ of review (§ 27-25-102(2), MCA) was not satisfied, the court lacked jurisdiction.

¶15    The State concedes that Schaefer did not have a right of appeal. It also concedes that the District Court erred in concluding that postconviction relief was the appropriate remedy since the Justice Court contempt ruling was a civil rather than a criminal proceeding. Thus, in determining the propriety of the writ of review, the dispositive issue is not whether there was a plain, speedy and adequate remedy but whether the Justice Court exceeded its jurisdiction. Section 27-25-102(2), MCA. The State claims that although the court denied

6

Schaefer's writ of review on other grounds, the denial was a proper exercise of discretion because Schaefer was unable to establish that the Justice Court exceeded its jurisdiction. The State asserts that the District Court was correct in not allowing Schaefer to relitigate "the factual underpinnings of the justice court's contempt ruling in a discretionary writ of review proceeding."

¶16    The Justice Court clearly had jurisdiction over the initial DUI charge. Section 3-10-303, MCA. The court also acted within its jurisdiction when it ordered Schaefer to complete alcohol dependency treatment and future monitoring. Section 61-8-732(1), (9) MCA. Although Schaefer may have completed the ACT class, the record indicates this was only one component of his treatment. Schaefer failed to show that finishing the one class satisfied his obligation to complete "ACT."

¶17    Schaefer testified at the contempt hearing. The court was in the best position to assess the evidence and the credibility of witnesses. "The weight of the evidence and the credibility of the witnesses are exclusively within the province of the trier of fact." *State v. Pitzer*, 2002 MT 82, ¶ 13, 309 Mont. 285, ¶ 13, 46 P.3d 582, ¶ 13. Although Schaefer disputed whether aftercare was required following completion of the ACT class, this was a factual dispute within the Justice Court's jurisdiction. It was exclusively within the province of the Justice Court to weigh the conflicting evidence as to the issue of aftercare. *See Pitzer*, ¶ 13. The Justice Court properly exercised its jurisdiction and did not exceed its power or abuse its discretion when it found Schaefer in contempt for not fully completing his court-ordered ACT treatment. Section 3-10-401(3), MCA; *see Marriage of Baer*, ¶ 45.

¶18   Despite the District Court's decision to the contrary, a petition for writ of review was the appropriate avenue for Schaefer to challenge the contempt order. *See Jones*, ¶ 2. Although the District Court erroneously concluded that it did not have jurisdiction, its denial of the writ was nonetheless proper since Schaefer failed to satisfy the first prong of the two-part test for issuing a writ of review; that is, he failed to show that the Justice Court exceeded its jurisdiction in holding him in contempt. Section 27-25-102(2), MCA. The court did not abuse its discretion when it denied Schaefer's petition for writ of review. *See Shiplet*, ¶ 5. The District Court did not act arbitrarily without conscientious judgment or exceed the bounds of reason. *See Bailey*, ¶ 10. We affirm the District Court decision even though it was reached for the wrong reason. *See Maier*, ¶ 22. We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ JIM RICE

8