No. 04-353

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 92N

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

CLOISE HERMAN,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC 2003-512,
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jane M. Berger, Public Defender's Office, Great Falls, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Carol E. Schmidt,
Assistant Attorney General, Helena, Montana

            Brant Light, County Attorney; Marty Judnich, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  March 1, 2005

Decided:  April 19, 2005

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(i), Montana Supreme Court 1996 Internal Operating Rules (Memorandum Opinions), we determine that settled Montana law clearly controls the legal issues raised in this appeal.  Further, pursuant to Section I, Paragraph 3(d)(v), the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Section 61-8-733, MCA, authorizes a district court to require a defendant, who is guilty of a second-offense driving under the influence of alcohol or drugs (DUI), to forfeit his vehicle.  Cloise Herman appeals from the District Court's rulings that that statute does not violate the Due Process, Equal Protection or Excessive Fines Clauses of the Montana and United States Constitutions.  We affirm.

## BACKGROUND

¶3     A police officer stopped Herman, who was driving his 1969 Chevrolet pickup, for speeding and driving with an inoperable taillight.  The officer charged Herman with his third DUI in violation of § 61-8-401, MCA; driving with a revoked license in violation of § 61-5-212, MCA; and his third offense for driving without insurance in violation of § 61-6-301, MCA.  Herman entered into a plea agreement in which the State would dismiss the charge for driving with a revoked license, and, for the remaining charges, the prosecution  would recommend one year in jail with all but thirty days suspended, completion of a counseling

2

program, payment of various fines, and forfeiture of the Chevrolet. At the change of plea colloquy, the Justice of the Peace Court advised Herman of his rights. Herman waived his rights and pleaded guilty.

¶4 The Justice of the Peace Court sentenced him, *inter alia*, to one year in jail with all but ninety days suspended, to a period of probation, to complete a counseling program, to pay various fines, and to forfeit the Chevrolet. Herman appealed his sentence to the District Court arguing the DUI forfeiture statute, § 61-8-733, MCA, constitutes an excessive fine, and violates both substantive due process and equal protection in violation of the Montana and United States Constitutions.

¶5 First, Herman claimed that the punishment requiring him to forfeit his Chevrolet is disproportional and "is quite harsh," so it violates the Excessive Fines Clauses of the Montana and United States Constitutions. Second, he claimed that requiring him to forfeit his Chevrolet was both arbitrary and unreasonable, so the forfeiture statute fails the substantive due process rational basis test. Third, he claimed that the forfeiture statute violates the equal protection rational basis test because it disproportionately affects drivers based on the values of their vehicles. On the merits, the District Court denied Herman's claims.

## STANDARD OF REVIEW

¶6 We review questions of law de novo. *See State v. Dewitt*, 2004 MT 317, ¶ 34, 324 Mont. 39, ¶ 34, 101 P.3d 277, ¶ 34.

## DISCUSSION

3

¶7    This Court affirms district courts' results if those results are correct even if the district court reached that result for the wrong reason. *Schaefer v. Egeland*, 2004 MT 199, ¶ 11, 322 Mont. 274, ¶ 11, 95 P.3d 724, ¶ 11. The District Court needlessly reached the merits of Herman's constitutional claims. Herman waived many rights when he pleaded guilty. *State v. Wheeler* (1997), 285 Mont. 400, 402, 948 P.2d 698, 699 ("A voluntary and intelligent plea of guilty constitutes a waiver of nonjurisdictional defects and defenses."). In sentencing Herman, the Justice of the Peace Court required that he forfeit his Chevrolet. This was no more punitive than the sentence to which Herman agreed in his plea agreement. In agreeing to the sentence of forfeiture at the change of plea hearing, Herman waived his right to appeal that issue. The District Court properly denied his claims. We affirm.

/S/ W. WILLIAM LEAPHART

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE

4