No. 05-399

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 85

STATE OF MONTANA, TOWN OF DARBY,
RAVALLI COUNTY,

        Plaintiff and Respondent,

   v.

JACK J. JENKINS,

        Defendant and Appellant.


APPEAL FROM:    The District Court of the Twenty-First Judicial District,
                In and For the County of Ravalli, Cause No. DC 02-145,
                Honorable Jeffrey H. Langton, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Jack J. Jenkins, *pro se*, Shelby, Montana


        For Respondent:

                Hon. Mike McGrath, Montana Attorney General, Jennifer Anders,
                Assistant Attorney General, Helena, Montana

                George Corn, Ravalli County Attorney, Hamilton, Montana


                            Submitted on Briefs:  March 22, 2006

                                      Decided:  April 25, 2006

Filed:

                              Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Jack Jenkins appeals an Order of the District Court for the Twenty-First Judicial District, Ravalli County, denying his Petition for Writ of Certiorari or Supervisory Control. We affirm.

¶2    We address the following issue on appeal: Did the District Court abuse its discretion when it denied Jenkins' Petition for Writ of Certiorari or Supervisory Control?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    The District Court entered the following statement of facts in its May 24, 2005 Opinion and Order denying Jenkins' petition.

> It appears undisputed that pursuant to a number of Darby City Court judgments in 1997, 1998 and 2002, Mr. Jenkins was assessed fines totaling $2,875.00 and was ordered to complete the ACT program and pay the cost thereof in the sum of $200.00. The fines and fees were to be paid in full by March 11, 2003. Jenkins filed an appeal of his convictions to this Court on September 11, 2002, but subsequently moved to dismiss his appeal. The appeal was dismissed by this Court and the case remanded to Darby City Court on October 23, 2002. On November 18, 2002, Jenkins was arrested for Felony DUI and other charges. He ultimately pled guilty to that charge and on June 4, 2003 was sentenced to thirteen (13) months in State custody, plus five (5) years as a persistent felony offender and five (5) years probation.
>
> On July 30, 2003, Jenkins was sentenced to the Montana State Prison. He has a parole eligibility date of September 11, 2005, and a discharge date of June 16, 2009.
>
> On September 24, 2003, the Darby City Court issued a "Fail to Comply Warrant" directing that Jenkins be arrested and brought before the Darby City Court to show cause why he should not be held in contempt of court for failure to pay the assessed fines and fees.
>
> Jenkins has applied for a pre-release center placement, but the Montana Department of Corrections refused consideration of a pre-release placement due to the outstanding warrant from Darby City Court.
>
> According to the pre-sentence investigation report dated June 3, 2003, in Cause No. DC-02-170, Jenkins is in good health and has a work history

2

including employment as a logger, and various other jobs in Montana, Washington, Nevada and Idaho.

Jenkins filed a "Motion to Dismiss and Request to Enter into Payment Agreement" with the Darby City Court, by which he sought to have the Court recall/dismiss the warrant in exchange for a time pay agreement which would allow him to qualify for a pre-release placement. The City Attorney opposed the motion and the Court entered its order denying the motion on January 24, 2005.

¶4    As the State points out in its brief on appeal, many of the facts stated above are not substantiated in the record now before this Court because they come from other sources such as Jenkins' Department of Corrections (DOC) file. However, the State further notes that the Statement of Facts in Jenkins' opening brief indicates that he does not disagree with the District Court's findings.

## DISCUSSION

¶5    *Did the District Court abuse its discretion when it denied Jenkins' Petition for Writ of Certiorari or Supervisory Control?*

¶6    A Writ of Certiorari, or a Writ of Review, may be granted by this Court or a district court or any judge of those courts "when a lower tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of the tribunal, board, or officer and there is no appeal or, in the judgment of the court, any plain, speedy, and adequate remedy." Section 27-25-102, MCA. Moreover, this Court will not overturn a district court's denial of a writ unless an abuse of discretion is shown. *Schaefer v. Egeland*, 2004 MT 199, ¶ 11, 322 Mont. 274, ¶ 11, 95 P.3d 724, ¶ 11 (citing *Shiplet v. Egeland*, 2001 MT 21, ¶ 5, 304 Mont. 141, ¶ 5, 18 P.3d 1001, ¶ 5). "An abuse of discretion occurs when a district court acts arbitrarily without conscientious judgment or exceeds the bounds of reason." *Schaefer*, ¶ 11 (citing

3

*Bailey v. Beartooth Communications Co.*, 2004 MT 128, ¶ 10, 321 Mont. 305, ¶ 10, 92 P.3d 1, ¶ 10).

¶7 Jenkins claims the Darby City Court exceeded its jurisdiction by denying him due process and speedy trial rights and unfairly denying his ability to qualify for community corrections programs while in the custody of the Department of Corrections. The State argues that the fact that the City Court denied Jenkins' motion does not mean that the City Court Judge exceeded her jurisdiction, which is the standard for certiorari.

¶8 We agree with the District Court's conclusion that while the existence of a warrant may place Jenkins in an escape-risk classification that impacts his placement within the DOC, Jenkins has not shown that the Darby City Court is under some legal obligation to quash an otherwise valid warrant merely to facilitate Jenkins' placement in a pre-release center or other community corrections program.

¶9 Moreover, Jenkins has not provided any authority to the effect that the City Court Judge exceeded her jurisdiction by denying his motion to quash the warrant. Although Jenkins cites to several decisions of this Court, none of those cases stand for the proposition that a city court judge exceeds her jurisdiction when she refuses, as a matter of discretion, to quash an outstanding warrant so as to render the petitioner eligible for alternative placement within the correctional system.

¶10 Accordingly, we hold that the District Court did not abuse its discretion when it denied Jenkins' Petition for Writ of Certiorari or Supervisory Control.

¶11 Affirmed.

4

/S/ JAMES C. NELSON

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ PATRICIA COTTER

Justice John Warner dissents.

¶12    I disagree with the Court's holding as it is fundamentally unfair and violates Jenkins' constitutional right to due process.  The Darby City Court has refused to execute or quash its warrant for Jenkins.  As a result, the outstanding warrant renders him ineligible for parole or community correctional programs.

¶13    The Court states in its Opinion that Jenkins has not shown that the Darby City Court is under any legal obligation to quash an otherwise valid warrant.  I disagree.

¶14    I note that Jenkins is acting pro se in this matter and we will give pro se litigants reasonable latitude and flexibility in presenting their cases.  Jenkins clearly asserts in his District Court brief that the City Court has denied him his due process rights.  Indeed, there is substantial authority for the position that due process requires "reasonable diligence" in the issuance and execution of a warrant for arrest.  *See State v. Longhorn*, 2002 MT 135, ¶ 28, 310 Mont. 172, ¶ 28, 49 P.3d 48, ¶ 28 (quoting *Doggett v. U.S.* (1992), 505 U.S. 647, 656,

5

112 S.Ct. 2686, 2693, 120 L.Ed.2d 520, 531); *accord McCowan v. Nelson* (9th Cir. 1970), 436 F.2d 758, 760; *Shelton v. U.S. Bd. Of Parole* (D.C. Cir. 1967); 388 F.2d 567, 574; *Greene v. Michigan Dept. of Corrections* (6th Cir. 1963), 315 F.2d 546, 548 (failure of authorities to proceed with reasonable diligence to execute a warrant for arrest after a parole violation may result in waiver of violation and loss of jurisdiction if authorities had either actual or constructive notice of parolee's whereabouts).

¶15     The City Court has a duty to exercise reasonable diligence in the execution of its arrest warrant, yet it refuses to do so. Jenkins' whereabouts is certainly no secret as he is currently incarcerated at the Crossroads Correctional Center. Due process requires that the City Court proceed to execute its warrant and order that he be brought before the court to answer for his contempt of court.[1] If the City Court refuses to execute the warrant, then it must quash it. In any case, the City Court cannot be allowed to sit on the warrant, taking no further action, for the collateral purpose of keeping Jenkins in prison.

¶16     Even though the Court is correct in concluding that a writ of certiorari is improper here, the Court ignores Jenkins' argument that we should exercise supervisory control. This Court exercises supervisory control in appropriate cases pursuant to the authority granted in Article VII, § 2(2) of the Montana Constitution, and Rule 17(a), M.R.App.P. The use of this

---

[1] A court has the authority to execute an arrest warrant when the defendant is currently housed in a state correctional facility. *See* section 46-6-215, MCA (execution of a search warrant); section 46-6-210, MCA (arrest by peace officer); section 46-17-401, MCA (except as provided in Titles 3 and 6, the proceedings and practices in a municipal court shall be the same as in a district court); section 3-1-515, MCA (arrest and detention by sheriff); section 3-11-303(2), MCA (application to city court).

6

power is appropriate where the district court is proceeding based on a mistake of law which, if uncorrected, would cause a significant injustice. *Inter-Fluve v. Montana Eighteenth Judicial Dist. Court*, 2005 MT 103, ¶ 17, 327 Mont. 14, ¶ 17, 112 P.3d 258, ¶ 17.  A due process violation surely constitutes a significant injustice.

¶17　I would issue the writ, reverse the District Court, and remand to the City Court with instructions to execute its warrant for Jenkins or to quash it, as is constitutionally required.

/S/ JOHN WARNER