OP 11-0548

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 289

————————————

ANIMAL FOUNDATION OF GREAT FALLS,
ROBERT F. JAMES, and JEAN FAURE, and
SARA SEXE,

       Petitioners,

   v.

MONTANA EIGHTH JUDICIALDISTRICT
COURT, CASCADE COUNTY, THE
HONORABLE KATHERINE M. IRIGOIN,

       Respondent.

O P I N I O N
and
O R D E R

————————————

¶1     This matter is before the Court on a petition for a writ of certiorari or in the alternative for a writ of supervisory control.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2     This arises out of a civil action, *Overfield v. City of Great Falls*, Cause No. DDV-09-671, Montana Eighth Judicial District Court, Cascade County.  Susan Overfield appeared before the Great Falls City Commission to speak about perceived conflicts of interest between City officials and the Animal Foundation of Great Falls.  She sued the City after she was removed from the Commission meeting and charged with assault and disturbing the peace.  None of the petitioners are parties to the *Overfield* action nor do they represent any

1

parties to that action. Their involvement began in February, 2010, when Overfield served a subpoena duces tecum and notice of deposition under M. R. Civ. P. 30(b)(6) on the Animal Foundation as a non-party witness. Overfield sought records relating to the Animal Foundation's communications with City officials. The Foundation moved for a protective order on the ground that the subpoena was overly broad, and that it requested records that were not relevant and were private and proprietary. In March, 2010 Overfield noticed the deposition of Robert F. James, who was a Trustee of the Foundation and its registered agent. On March 25, 2010 James moved to quash that deposition. On October 11, 2010, after what the District Court described as "several months of institutional delay and a change of presiding judge," the District Court granted the motion to quash the deposition subpoena.

¶3 On November 22, 2010, the District Court held a hearing on pending motions, including hearing argument on whether to revise the October order quashing Overfield's subpoena to the Foundation. After further briefing and upon Overfield's motion, on February 5, 2011, the District Court prepared a revised order (filed on February 15) that reversed the prior order to quash the James subpoena. The District Court also revived Overfield's subpoena duces tecum but limited its scope. James and the Foundation moved that Overfield be required to pay their expenses incurred to respond to the subpoena, and moved to further revise and limit the subpoena. The District Court denied both motions. On March 8, 2011, Overfield again noticed a deposition of James, and on April 8, 2011, James and the Foundation applied to this Court for a writ of supervisory control. They argued that the discovery required by the revised subpoena was burdensome and that it required

2

disclosure of private, proprietary and privileged information. At no time did James or the Foundation support its claim of privilege as required by M. R. Civ. P. 45(e).

¶4 On April 15, 2011, James and the Foundation moved the District Court to stay or continue his upcoming deposition, and the District Court denied the motion. On April 18, 2011, James appeared for his deposition with Foundation attorney Jean Faure. They produced no documents and Faure claimed that the subpoena duces tecum, although a product of the District Court's order, was invalid. The next day Overfield moved the District Court to find James in contempt for failing to comply with the subpoena. This Court denied the application for a writ of supervisory control on April 19, 2011. On May 24, 2011, Overfield again noticed the depositions of James and others that the Foundation designated as its witnesses pursuant to M. R. Civ. P. 30(b)(6), and requested production of documents responsive to the subpoena. On June 30, 2011, James and the other Foundation witnesses appeared for their depositions. James claimed that they had located over 130,000 documents responsive to Overfield's subpoena, and produced 1295 pages of documents that were redacted. On July 1, 2011, Overfield filed her second motion for contempt. On August 25, 2011, James and the Foundation produced the 1295 pages of documents, unredacted, for *in camera* inspection by the District Court.

¶5 On July 1, 2011, the District Court granted partial summary judgment to Overfield and against the City in the underlying case. The District Court found that the City of Great Falls was liable to Overfield on claims in her complaint in Count 2 (battery); Count 3 (denial of rights to participation, speech and assembly under the Montana Constitution); Count 4

3

(interference with liberty rights under the Montana Constitution); and Count 5 (false imprisonment). Only Count 1 (assault) and Count 6 (infliction of emotional distress) were left to be decided.

¶6 On August 31, 2011, the District Court held a hearing to allow James, the Foundation and its attorney Faure to show cause why they should not be held in contempt. James admitted to participating in deciding what documents the Foundation would produce and what redactions would be made. By orders issued on September 1 and 2, 2011, the District Court ruled on Overfield's motions for contempt. In response to Overfield's first motion for contempt, the District Court's September 1 order found that the Foundation and Faure "knew or should have known" that they were subject to and failed to comply with a subpoena duces tecum, a subpoena and two notices of deposition and at the time of the James deposition they could not "in good conscience" claim a lack of awareness of the orders or the subpoena. Disobedience of a subpoena may be punished as a contempt. Sections 26-2-104, and 3-1-501(1)(j), MCA. The District Court concluded that the Foundation was in contempt for failing to appear at the April 18, 2011 deposition with the subpoenaed documents.

¶7 The District Court found that while attorney Faure was not in contempt, she was responsible for unreasonably and vexatiously multiplying the proceedings and should be required to personally satisfy the excess costs required by that conduct as provided in § 37-61-421, MCA. The District Court specifically did not find James to be in contempt because he appeared at the April deposition. The District Court advised James and the Foundation that continued contemptuous conduct could result in jail time or a fine, and allowed the

4

Foundation to purge the contempt by producing all the documents covered by the limited subpoena duces tecum, without redaction, by September 5, 2011.

¶8 On September 2, 2011, the District Court issued a second order of contempt in response to Overfield's second motion for contempt, making many of the same findings that were made in the September 1 order. The District Court found that James and the Foundation had wrongfully redacted information from the documents produced to Overfield, in violation of the subpoena duces tecum. The District Court concluded that the Foundation was in contempt for failing to appear at the deposition with the documents covered by the subpoena duces tecum. In addition, James was in contempt for causing the redaction of documents ultimately produced to Overfield, and Faure was in contempt for advising her clients to produce redacted documents without first seeking the protections provided in the Rules of Civil Procedure. The District Court ordered the Foundation to purge itself of contempt by producing all subpoenaed documents by September 9, 2011. The District Court ordered the parties to appear before September 16 to verify that they had purged the contempt, and advised: "Failure to purge will result in this Court ordering any remedy available to it, including incarceration."

¶9 In response, on September 9 Sara Sexe, an attorney appearing "pro se," filed a motion for protective order on behalf of the Foundation. The Sexe pleading reiterated that 1295 unredacted pages of documents had been delivered to the court for *in camera* inspection and submitted a proposed protective order proffering that the Foundation would comply with the

5

District Court's order to produce the unredacted documents provided that all parties agreed that only the attorneys could see the documents.

¶10 On September 12, 2011, the District Court denied the motion filed by Sexe, finding that "counsel to the Animal Foundation deems court orders debatable after they issue. They are not." The Foundation may not "create its own conditions to purge contempt." The District Court found that Sexe's motion violated M. R. Civ. P. 11 by raising issues already addressed by prior orders and by failing to provide a reasonable argument based on established law. The District Court found that Sexe's motion was "frivolous and filed with bad intent to impede the progress of this litigation on time."

¶11 On September 15, 2011, the District Court held a hearing to determine whether James, the Foundation and Faure had purged themselves of contempt by producing the unredacted documents. They had not. The District Court ordered that the 1295 pages of documents be produced the next day by 10:00 a.m., but allowed redactions only of the names of donors to the Foundation who wished to remain anonymous. The District Court further ordered that the remaining 130,000 or so pages of documents identified by the Foundation as responsive to the modified subpoena duces tecum be placed on a computer hard drive and be delivered by noon the next day.

¶12 On September 16, 2011, James, the Foundation and Faure delivered 291 pages of documents containing redactions of the names of anonymous donors plus other redactions as well. Their attorney at that time, James Goetz, filed two notices and sent a letter to the District Court acknowledging that the court's order had limited the redactions to the names

of anonymous donors, but nevertheless announcing the Foundation's intention to redact additional information. In a separate communication on September 16, the Foundation announced that its board of trustees had voted to not comply with the remainder of the September 15 order. The Foundation advised the District Court that it did not intend to disclose the 130,000 documents because it was unable to obtain "a suitable waiver from those persons whose individual computers were searched."

¶13    Late on September 16, 2011, the District Court issued a warrant for James' arrest for contempt of court, and denied his request to set bail. This Court issued a temporary stay of the arrest warrant pending further review.

¶14    The City and Overfield settled the underlying case on October 7, 2011. On October 17, 2011, the District Court entered an order acknowledging the settlement as well as the agreement by the City and Overfield that the case would not be dismissed in order to give Overfield time to receive and evaluate the documents that she previously sought in discovery from the Foundation. The District Court left the action open to allow Overfield to continue discovery against the non-parties to determine whether she had any cause of action against them.

¶15    Also on October 7, 2011, the District Court held a hearing and entered an order awarding Overfield attorney fees of approximately $90,000 as against the Foundation, James, and Faure, jointly and severally, based upon the contempt orders entered September 1 and 2, 2011. The Foundation, James, and Faure filed a motion requesting this Court to stay the execution of the attorney fee award, which we did by Order of October 11, 2011. That

Order also directed the parties to file status reports on the case, and to file briefs on the attorney fee issue. Those reports and briefs have been filed.

## STANDARD OF REVIEW

¶16 There is no appeal from a contempt order, and the exclusive method of review in civil proceedings, apart from exceptions not applicable here, is by application for writ of certiorari also known as a writ of review. Section 3-1-523, MCA; *Jones v. 19th Jud. Dist. Ct.*, 2001 MT 276, ¶ 2, 307 Mont. 305, 37 P.3d 682; *Schaefer v. Engeland*, 2004 MT 199, ¶ 10, 322 Mont. 274, 95 P.3d 724. This Court reviews contempt orders to first determine whether the court acted within its jurisdiction and second whether there is evidence to support the finding of contempt. *Kauffman v. 21st Jud. Dist. Ct.*, 1998 MT 239, ¶ 16, 291 Mont. 122, 966 P.2d 715; *Jones*, ¶ 16. This Court has a low tolerance for discovery abuses. *Peterman v. Herbalife Intl., Inc.*, 2010 MT 142, ¶ 17, 356 Mont. 542, 234 P.3d 898.

## DISCUSSION

¶17 Petitioners contend that the District Court should have referred the contempt matters to a different judge; that the contempt orders were not supported by substantial evidence; that the order to produce the 130,000 documents was improper; that the arrest warrant should be vacated; and that the sanctions imposed upon Sexe should be vacated.

¶18 Upon review of the materials submitted to the Court, we deem them sufficient to undertake review without further transcripts or records. Section 27-25-202, MCA. Based upon the record, it is clear that the District Court properly considered and decided the contempt issues below without referral to another judge. When a contempt arises from

8

violation of an order of the court issued after a hearing on the merits of the subject matter, § 3-1-518, MCA, allows the judge who issued the order to determine issues of contempt for non-compliance. *Drew v. 10ᵗʰ Jud. Dist. Ct.*, 2004 MT 154, ¶¶ 26, 33, 321 Mont. 520, 92 P.3d 1195. The contempt here was not committed against the District Judge herself, and therefore the District Court was not required to call in another judge to decide the contempt issues.

¶19    It is clear that there was substantial evidence before the District Court to support the contempt orders. The District Court's order specifically revived, but limited, Overfield's subpoena duces tecum. Despite the District Court's order, which James characterized in pleadings filed below as an order compelling discovery, James and the Foundation appeared for the April 18, 2011 deposition without any documents, contending that the subpoena was invalid. This was a clear violation of the District Court's order of February 5, 2011, and was sufficient ground for the September 1, 2011, order of contempt. Disobedience of a subpoena or an order of the court may constitute contempt of court. Sections 3-1-501 and 26-2-104, MCA; *State ex rel. Anderson v. District Court*, 188 Mont. 77, 80, 610 P.2d 1183 1185 (1980). James cannot characterize the District Court's order as one compelling discovery pursuant to the subpoena and then argue that the subpoena was invalid.

¶20    As to the second order of contempt, James and the Foundation produced only 1295 pages of documents at the June 30, 2011 deposition and redacted those without any cogent legal reason for doing so and without filing a statement of its specific objections to specific documents as required by M. R. Civ. P. 45. (Even in its recent pleadings filed with this

9

Court, the Foundation only vaguely contends that the subpoenaed documents contained information that is "*probably* highly personal and confidential." (Emphasis supplied.) This is a smokescreen, not a legal argument.) On September 2, 2011, the District Court found the Foundation, James and Faure in contempt for their respective roles in redacting the documents. The District Court's second order of contempt was therefore supported by substantial evidence.

¶21 The Petitioners generally request that all contempt orders and sanctions citations against them be reversed by this Court. Having reviewed the materials submitted by the parties and the District Court's orders, it is clear that the District Court was confronted with the increasingly obstructive conduct of non-party witnesses who had determined to resist any attempts by Overfield to obtain discovery from them. They subsequently resisted and then openly defied the clear orders of the Court. The breadth and depth of the decisions by the Foundation to defy the clear and direct orders of the District Court were without legal or record-supported factual basis.

¶22 At the same time, this Court is left with the abiding conviction that the District Court should not have ordered James' arrest, particularly without admitting him to bail. James was not the designated attorney of record for the Foundation, but a member of its board of trustees. While the Foundation designated him as one of its representatives pursuant to M. R. Civ. P. 30(b)(6), it appears that the major obstructive decisions were made by the Foundation's board. While James clearly had a hand in the Foundation's conduct, it also appears that the board, of which he was one member, ultimately made significant decisions

10

on the discovery issues, such as the decision to not comply with the District Court's September 15 order. The District Court should have considered other sanctions.

¶23 We further conclude that Sara Sexe should not have been sanctioned for filing the September 9, 2011 motion for a protective order. We review de novo a district court's determination that a pleading, motion or other paper violates Rule 11. *Byrum v. Andren*, 2007 MT 107, ¶ 19, 337 Mont. 167, 159 P.3d 1062. The tone of the motion was respectful to the District Court and attempted to explain the reasons why the Foundation felt that additional redactions to the produced information were warranted. Upon review, this Court cannot conclude that the motion was frivolous and filed with bad intent to impede the progress of the litigation. *Muri v. Frank*, 2003 MT 316, ¶ 22, 318 Mont. 269, 80 P.3d 77. While the District Court acted within its discretion to deny the motion for a protective order, we determine that Rule 11 sanctions against Sexe were not warranted.

¶24 Therefore, we conclude that there was not sufficient evidence to support the September 16, 2011 order to arrest Robert James, and the District Court's order in that regard should be vacated. We also conclude that the September 12, 2011 imposition of Rule 11 sanctions against Sara Sexe should be vacated. Finally we conclude that the September 1, 2011 and September 2, 2011 contempt orders of the District Court should be affirmed.

¶25 Therefore, for the reasons stated above, the Writ of Certiorari is granted.

¶26 The Foundation, James and Faure additionally request relief from the District Court's October 7, 2011 order awarding costs and attorney fees to Overfield. While the express basis for the District Court's fee award was the September 1 and 2, 2011 contempt orders,

11

the fee award is inconsistent with those prior orders in material ways. First, the fees should not have been awarded in a lump sum, jointly and severally against the Foundation, Faure and James. The September 1 contempt order was based upon the April 18, 2011 deposition, in regard to which the District Court found only the Foundation in contempt and found it liable for costs and fees Overfield incurred in bringing the first motion for contempt and for deposing the Foundation. The District Court found Faure not in contempt but rather responsible under § 37-61-421, MCA, for conduct causing excess costs, expenses and attorney fees by advising the Foundation not to appear at the April 18 deposition. The September 2 contempt order was based upon the June 30, 2011 deposition. The District Court found the Foundation, James and Faure each in contempt in connection with that event and held that Overfield could recover from them the costs and fees incurred in bringing that second motion for contempt and for deposing the Foundation.

¶27 The District Court therefore previously awarded costs and fees to Overfield against each of the named respondents based upon specifically-identified conduct as set out in the September 1 and 2 orders. The ultimate award of costs and attorney fees should reflect not joint and several liability, but liability based upon the specific events and the specific conduct of each respondent as set out in the September 1 and 2 orders.

¶28 Further, the District Court's award of costs and fees on October 7, 2011, exceeded the scope of the September 1 and 2 orders by awarding fees for all work Overfield's attorneys did in connection with seeking discovery from the Foundation. The District Court's September 1 and 2 orders awarded fees for bringing the motions for contempt and for the

12

Foundation deposition. There is no basis for awarding costs and fees for work prior to April 19, 2011, the day after the attempted April 18 deposition. The District Court's fee order awards Overfield fees for work her attorneys did, for example, in opposing the Foundation's motion to quash the original subpoena, upon which the Foundation prevailed. This was an abuse of discretion and the award of costs and fees should be limited to those reasonably incurred on or after April 19, 2011, for attorney time strictly related to the prosecution of the contempt issues.

¶29 The District Court's order of October 7, 2011, awarding attorney fees is vacated and remanded for further proceedings consistent with the September 1 and 2, 2011 orders and with this Opinion and Order.

¶30 Additionally, we assume supervisory control over the underlying case of *Overfield v. City of Great Falls*, No. DDV-09-671, Montana Eighth Judicial District Court, Cascade County, which has been fully and finally settled on its merits. The District Court's order of October 17, 2011, holding the case open so that Overfield can continue to pursue discovery to determine whether she might have a cause of action against the Foundation or other persons or entities is vacated. The obligation of any party, person or entity to provide other, further or additional discovery to Overfield in connection with that action is vacated. The District Court did not cite any authority for the unusual disposition provided for in the October 17, 2011 order, and none is apparent. To the extent that this was a matter of judicial discretion, we find it to be an abuse of discretion.

13

¶31　Except for the determination of attorney fees as provided above based on the September 1 and 2 orders, this Court intends that all matters and proceedings arising from or connected to the underlying action are concluded. Following the determination of attorney fees and costs as discussed above, the District Court shall enter an order dismissing the underlying action, with prejudice, as fully and finally settled on its merits.

¶32　The Clerk of this Court is directed to provide a copy of this Opinion and Order to all counsel of record and to the Honorable Katherine M. Irigoin, District Court Judge.

DATED this 22nd day of November, 2011.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS