DA 12-0269

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 67N

SUSAN OVERFIELD,

      Plaintiff and Appellee,

  v.

CITY OF GREAT FALLS,

      Defendant,

ANIMAL FOUNDATION OF GREAT FALLS,
ROBERT F. JAMES, and JEAN E. FAURE,

      Non-Party and Appellants.

APPEAL FROM:    District Court of the Eighth Judicial District,
                     In and For the County of Cascade, Cause No. DDV-09-671
                     Honorable Katherine M. Bidegaray, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            James H. Goetz, Zachary K. Strong, Goetz, Gallik & Baldwin, P.C.,
            Bozeman, Montana

      For Appellee:

            Lawrence A. Anderson, Attorney at Law, P.C., Great Falls, Montana

            Elizabeth A. Best, Best Law Offices, P.C., Great Falls, Montana

                              Submitted on Briefs:  November 21, 2012

                                      Decided:  March 12, 2013

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellants Animal Foundation of Great Falls (Foundation), Robert F. James, and Jean E. Faure appeal from the order entered by the Eighth Judicial District Court, Cascade County, on April 6, 2012, assessing attorneys fees and costs incurred as a result of their conduct, as non-parties in this matter, to be paid by them in order to purge their individual contempt for failing to appear at depositions with documents as required by subpoena duces tecum, withholding documents and redacting information from produced documents, and providing advice to respond to legal process in ways that unreasonably and vexatiously multiplied the proceedings, as found by the District Court in two earlier orders of contempt.[1] The factual and procedural background of this case is detailed in our earlier opinion and order. *Animal Found. of Great Falls v. Mont. Eighth Jud. Dist. Ct.*, 2011 MT 289, 362 Mont. 485, 265 P.3d 659. The District Court's order of April 6, 2012, re-calculated the assessed fees and costs following this Court's remand for that purpose. *Animal Found. of Great Falls*, ¶¶ 26-29. The District Court ordered the Foundation to pay $32,298.79, James to pay $19,262.11, and Faure to pay $27,131.32, or a total of

---

[1] The April 6, 2012 order assessing fees and costs was entered *nunc pro tunc* to clarify and correct an order entered March 30, 2012.

$78,692.22. Appellants challenge the amount of fees assessed by the District Court. Appellee Susan Overfield argues that the District Court's order should be affirmed. We affirm in part and reverse in part.

¶3 Appellants argue that the District Court abused its discretion by awarding fees despite Overfield's failure to carry her burden to prove by a preponderance of the evidence that the requested fees were incurred and that such fees were reasonable. Appellants point to the extensive evidence they presented in opposition to the reasonableness of the requested fees, including expert testimony. Appellants argue this abuse of discretion was furthered by the District Court's legal error of failing to require Overfield to support her fee request with contemporary billing records, citing M. R. Evid. 1006 and this Court's admonition in *Tacke v. Energy West, Inc.*, 2010 MT 39, ¶ 38, 355 Mont. 243, 227 P.3d 601 ("we strongly urge counsel to keep and provide contemporaneous time records in support of attorneys' fees requests in fee-shifting cases, and we encourage district courts to look askance at requests not so supported"), and noting that the evidence of attorney time offered by Overfield was reconstructed after the fact. However, as Overfield argues, unlike *Tacke*, the litigation out of which these contemptuous actions arose was not a fee-shifting matter that necessitated maintenance of contemporaneous time records. While Overfield's counsel would have been well-advised to initiate contemporaneous timekeeping once they moved for contempt, instead of risking a determination that their contempt fee request was not sufficiently proven, we cannot conclude the District Court's evidentiary ruling to not require production of

4

contemporaneous time records in this matter was an error of law or an abuse of discretion. Overfield's counsel testified and submitted a detailed reconstructed accounting of the time and costs expended on the contempt matter, supported by affidavits. The District Court disallowed some of counsel's claimed time and expenses, but determined that the lion's share of their request was adequately supported by the evidence. We conclude the District Court did not abuse its discretion in doing so.

¶4 Appellants contend that the District Court abused its discretion by exceeding the scope of this Court's remand order. In remanding this matter for reassessment of the attorney fee issue, we instructed as follows:

> While the express basis for the District Court's fee award was the September 1 and 2, 2011 contempt orders, the fee award is inconsistent with those prior orders in material ways. First, the fees should not have been awarded in a lump sum, jointly and severally against the Foundation, Faure and James. The September 1 contempt order was based upon the April 18, 2011 deposition, in regard to which the District Court found only the Foundation in contempt. . . . The District Court found Faure not in contempt but rather responsible under § 37-61-421, MCA, for conduct causing excess costs, expenses and attorney fees by advising the Foundation not to appear at the April 18 deposition. The September 2 contempt order was based upon the June 30, 2011 deposition. The District Court found the Foundation, James and Faure each in contempt in connection with that event . . . .
>     The District Court therefore previously awarded costs and fees to Overfield against each of the named respondents based upon specifically-identified conduct as set out in the September 1 and 2 orders. The ultimate award of costs and attorney fees should reflect not joint and several liability, but liability based upon the specific events and the specific conduct of each respondent as set out in the September 1 and 2 orders.
>     Further, the District Court's award of costs and fees on October 7, 2011, exceeded the scope of the September 1 and 2 orders by awarding fees for all work Overfield's attorneys did in connection with seeking discovery from the Foundation. The District Court's September 1 and 2 orders awarded fees for bringing the motions for contempt and for the Foundation deposition. There is no basis for awarding costs and fees for work

5

prior to April 19, 2011, the day after the attempted April 18 deposition. The District Court's fee order awards Overfield fees for work her attorneys did, for example, in opposing the Foundation's motion to quash the original subpoena, upon which the Foundation prevailed. This was an abuse of discretion and the award of costs and fees should be limited to those reasonably incurred on or after April 19, 2011, for attorney time strictly related to the prosecution of the contempt issues.

*Animal Found. of Great Falls*, ¶¶ 26-28.

¶5 Appellants argue that the District Court failed to undertake the analysis necessary to identify what portions of Overfield's counsel's work were for "the specific events and the specific conduct" of each contemnor, *Animal Found. of Great Falls*, ¶ 27, and instead assigned arbitrary percentages of the total fees to be paid by each contemnor, which Appellants argue is illustrated by the differences in percentages imposed under the March 30 order and the April 6 *nunc pro tunc* order.

¶6 The District Court eliminated all fees and costs requested for work prior to April 19, 2011, pursuant to the remand instructions. The court broke down and organized the remaining requests into relevant periods of time to capture the fees and costs submitted pursuant to the separately filed affidavits of counsel, as follows: First Affidavits—Pre-June 29, 2011; First Affidavits—June 29, 2011, to September 3, 2011; Second Affidavits—September 3, 2011, to October 11, 2011; Third Affidavits— October 10, 2011, to December 20, 2011. Within these time periods, the court then assessed the fees and costs it determined had been reasonably incurred in response to the contemptuous actions and apportioned those subtotals among the three contemnors in the percentages it determined them to be individually responsible. While, as Overfield notes,

"[t]he allocations of fault and fees . . . could not be accomplished with algebraic precision[,]" the District Court was nonetheless meticulous in its review of the issue, and we conclude that its approach and analysis did not err by exceeding the scope of the remand order.

¶7 Finally, Appellants argue that the District Court exceeded the remand order and abused its discretion by awarding Overfield's counsel's fees incurred in pursuing the contempt fee award, or, "fees for fees." Such fees are not generally awarded. *See DeVoe v. City of Missoula*, 2012 MT 72, ¶ 29, 364 Mont. 375, 274 P.3d 752 ("While there are cases holding that time spent determining fees is a crucial part of the case, *see e.g.* [*James Talcott Constr., Inc. v. P&D Land Enters.*, 2006 MT 188, ¶ 65, 333 Mont. 107, 141 P.3d 1200], those cases arise from statutory entitlements to attorney fees."). Further, our remand order instructed that fees were to be awarded only "for attorney time strictly related to the prosecution of the contempt issues." "Fees for fees" is in addition to those fees incurred "strictly" for prosecution of the contempt issues and, in view of the size of the fee award, unnecessary.

¶8 Appellants' briefing calculates the time incurred by Overfield's two attorneys in pursuing "fees for fees" to be 29.5 hours. Overfield argues that "fees for fees" should be awarded, but does not contest this calculation of hours expended on the issue. At Overfield's counsel's hourly rate of $225 per hour, which the contemnors' expert conceded was reasonable, the amount awarded by the District Court for "fees for fees" totaled $6,637.50. We reverse this part of the fee award.

7

¶9 For purposes of entry of an amended order, $6,637.50 shall be subtracted from the fees assessed against the contemnors under the District Court's category of "Second Affidavits—September 3, 2011, to October 11, 2011," which is the time period these hours were expended. This reduction shall be applied to the three contemnors in the same percentage as the fees and costs were assessed against them by the District Court in this category, that being 30% to the Foundation, 30% to James, and 40% to Faure. Thus, in this category, the Foundation's and James' assessed fees are reduced by $1,991.25 each, and Faure's assessed fees are reduced by $2,655. The revised calculation of the total fees owed by each contemnor under the District Court's order is: the Foundation, $30,307.54 ($32,298.79 - $1,991.25); James, $17,270.86 ($19,262.11 - $1,991.25); and Faure $24,466.32 ($27,131.32 - $2,665). The overall total to be paid is $72,044.72 ($78,682.22 - $6,637.50).

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted, with the exception of the portion of the order granting "fees on fees," which we reverse.

¶11 Affirmed in part, reversed in part, and remanded for entry of an amended order consistent herewith.

/S/ JIM RICE

We Concur:

/S/ MIKE McGRATH

8

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS