

FILED

10/05/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0311

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0311

SCOTT R. MORGAN,

Petitioner,

v.

THE HONORABLE RIENNE H. McELYEA,
EIGHTEENTH JUDICIAL DISTRICT COURT,

Respondent.

FILED

OCT 0 5 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

In our June 22, 2021 Order, this Court deemed Scott R. Morgan's (Scott) appeal of a lone contempt order in No. DA 21-0285 as an original proceeding, specifically, a petition for a writ of review, and ordered briefing while holding in abeyance the underlying dissolution proceeding in the Eighteenth Judicial District Court, Gallatin County, pending this Court's review. Scott has filed his brief, and Amy Morgan (Amy), through counsel, has filed her response brief. This Court has received copies of the June 15, 2020 transcript for the hearing on Amy's contempt motion, and Scott has filed an affidavit in support of his petition.

This proceeding began in March 2018 when Amy filed a complaint for legal separation. The parties have four minor children. The District Court referred the matter to the Standing Master. Both parties initially appeared with counsel, and a hearing on the parenting plan was held. The District Court converted the action to a dissolution of marriage proceeding in May 2019. The parties filed a Stipulated Marital Property Settlement Agreement and a Stipulated Final Parenting Plan, which were approved by the District Court in its findings of fact, conclusions of law, and final decree of dissolution. Scott agreed and was ordered to pay $1,528 per month in child support, effective September 2018. On approval of the court, counsel for Scott withdrew at that time.

Amy filed her first motion for contempt with the court in June 2019, because Scott had already fallen six months behind on his child support obligation. Scott responded by

urging that the conflict should be directed to mediation, which the District Court ordered. In August 2019, Amy filed a second motion for contempt and requested a hearing, which the District Court conducted on August 8, 2019. The court found that Scott failed to abide by the terms of the Stipulated Marital Property Settlement Agreement, and found him in contempt, sentencing him to two days of jail time. The court also gave Scott the opportunity to purge the contempt and denied Amy's request for attorney's fees and costs.

However, in early 2020, Amy renewed her request for contempt because Scott had not paid any child support and owed $27,504. The court held a hearing on June 15, 2020, after the filing of Scott's response and a continuance. After a hearing, the court entered a Contempt Order on June 17, 2020. The court held Scott in contempt, ordered him to spend five days in detention, and provided he could purge his contempt by paying a single monthly payment of his support obligation of $1,528 by July 1, 2020, selling one of his business trucks, a 2004 1-Ton Dodge pickup truck, within 45 days and pay the equity above the lien toward his support obligation, and paying the remaining arrearage over 24 months in equal installments. Amy was also granted her attorney fees and costs. This Order and the court's subsequent Orders are the basis of Scott's request for review.

Pursuant to § 3-1-523, MCA, this Court may review orders of contempt under a writ of certiorari. "This Court reviews contempt orders to first determine whether the court acted within its jurisdiction and second whether there is evidence to support the finding of contempt." *Animal Found. of Great Falls v. Mont. Eighth Judicial Dist. Ct.*, 2011 MT 289, ¶ 16, 362 Mont. 485, 265 P.3d 659 (citation omitted). Section 27-25-101, MCA, provides that a "writ of certiorari may be denominated the writ of review." A writ of review may be granted by "the supreme court . . . in proceedings for contempt in the district court" or "'when a [district court] has exceeded [its] jurisdiction . . . and there is no appeal or, in the judgment of the court, any plain, speedy, and adequate remedy.'" *Cross Guns v. Eighth Judicial Dist. Court*, 2017 MT 144, 387, ¶ 8, Mont. 525, 396 P.3d 133 (citing § 27-25-102, MCA). Montana Rule of Appellate Procedure 14(2) provides that a writ of review or certiorari is an extraordinary writ which "shall be commenced and conducted in the manner

prescribed by the applicable sections of the Montana Code Annotated for the conduct of such or analogous proceedings and by these rules."

"A contempt is civil if the sanction imposed seeks to force the contemnor's compliance with a court order," and provides "the contemnor can end the incarceration or avoid the fine by complying with a court order." Section 3-1-501(3), MCA; *see VanSkyock v. Manley*, 2017 MT 99, ¶ 13, 387 Mont. 307, 393 P.3d 1068 ("a cognizable claim for civil contempt must seek to compel performance of 'an act that is in the power of the contemnor to perform.'"). In contrast, a contempt is criminal "if the court's purpose in imposing the penalty is to punish the contemnor for a specific act and to vindicate the authority of the court[,]" and "the contemnor cannot end the incarceration or avoid the fine by complying with a court order." Section 3-1-501(3), MCA; *VanSkyock*, ¶ 9 ("A contempt proceeding is criminal if the purpose of the proceeding is to impose a penalty 'to punish the contemnor for a specific act' thereby 'vindicat[ing] the authority of the court.'") (citations omitted). The contempt here is civil contempt, because the Order gave Scott the opportunity to purge the contempt.

"The second critical characterization of an order or judgment of contempt is to identify whether the contempt was committed in the presence of the court and requires the court to take immediate action, § 3-1-511, MCA, or instead was not committed in immediate view and presence of the court, in which case the provisions of § 3-1-518, MCA, dealing with an indirect contempt apply." *Cross Guns*, ¶ 15. As explained in the statute, direct contempt "is committed in the immediate view and presence of the court or judge at chambers, and the contemptuous conduct requires immediate action in order to restore order, maintain the dignity or authority of the court, or prevent delay[.]" Section 3-1-511, MCA. In contrast, indirect contempt is "not committed in the immediate view and presence of the court or judge at chambers . . . ." Section 3-1-518(1), MCA. Here, Scott did not comply with the court's prior child support orders. This contempt did not occur in the immediate view and presence of the court or judge. *See Malee v. Dist. Ct. for the Second Judicial Dist.*, 275 Mont. 72, 75, 911 P.2d 831, 832 (1996) ("Indirect contempt is often a

3

matter of a party not following a court's order.") (citations omitted). Thus, this is indirect, civil contempt.

Regarding the merits, Scott argues "[t]he 2004 Dodge is a necessary and primary piece of equipment for business operations." He contends that he must have two business vehicles in case one truck breaks down. He contends he has lost income because of being forced to relocate his business to a less favorable location due to the dissolution of marriage, the effect of the novel coronavirus, and inclement weather. He faults the court for finding that he had "prioritized his own expenses instead of paying" child support, because "'prioritizing' is not against the law." He states that the Judge has not considered all of his challenges and "has a history of not judging fairly." Scott challenges the imposition of attorney's fees and costs because "it shows a lack of regard for a level playing field." Scott requests that this Court reverse the order of contempt.

Amy notes that Scott testified during the June 15, 2020 hearing that it would be possible for him to sell one of his business trucks "to help pay the arrearages[.]" Indeed, we note that Scott, through counsel, moved to amend the 2018 temporary economic restraining order in January 2019 to allow the sale of assets, including the 2004 Dodge truck. Based on this record, Amy argues it was reasonable for the District Court to order Scott to sell the truck to apply to his overdue child support obligation.

Despite his earlier concessions about the truck, Scott now argues "the 2004 Dodge is a necessary and primary piece of equipment for business operations." He contends the relocation of his business slowed his income, but that occurred over two years ago. The court recognized the possible effect of the novel coronavirus on Scott's business, but reasoned that this was not the cause of his failure to pay support, and that his business was and would continue to do well:

> [B]ut in this case, it's not COVID-19 that appears to have prevented Mr. Morgan from paying his child support. It is a combination of the wet season and so forth, but he is able to work, and he's testified today that he has more work than he is, actually, able to perform. He believes, in his testimony, that his business is doing well, and he [believes] that he will continue to do well.

4

The [c]ourt concludes here today that his work is picking up. That he has one asset that can be sold -- that he's tried to sell -- and that is the 2004 Dodge one ton. He believes he can sell it for, approximately, $30,000 with a $10,000 lien.

While Scott contends the judge was unfair, the record indicates the court has been patient with Scott. In 2019, the parties agreed to abide by the provisions of the Stipulated Marital Property Settlement Agreement and the Stipulated Parenting Plan. Scott agreed to pay monthly child support of $1,528 per month. Scott received both the 2016 Dodge Ram and 2004 Dodge truck in the Stipulated Marital Property Settlement Agreement, along with the release of the economic restraining order. The May 22, 2019 Findings of Fact, Conclusions of Law, and Final Decree of Dissolution provided that "[v]iolation of the Settlement Agreement may be deemed a contempt of this [c]ourt and punishable as such." In earlier proceedings, the District Court declined to order sale of the 2004 Dodge truck, but the child support is not being paid despite the granting of additional time.[1] Even so, the court so far declined to order the sale of Scott's mountain bike or other assets. The District Court denied Amy's earlier requests for attorney fees and costs, but Amy has been forced to pursue the support, and the substantial evidence supported the fee award. Lastly, Scott argues that his pending motion to modify his child support has not been ruled upon, but that motion would address his future obligation, not the need to satisfy past orders for support. Scott is presumed to be in contempt for his failure "to pay support as ordered." Section 40-5-601(5)(c), MCA.

We conclude Scott has not demonstrated the District Court acted beyond its jurisdiction, or that there was not substantial evidence to support its contempt determination.

Therefore,

---

[1] Amy has filed notices of status reports with the court, indicating that Scott continued to fail to pay any child support payments. On February 19, 2021, after we dismissed Scott's appeal, Amy moved for enforcement of the court's contempt order, noting Scott had not spent five days in jail, sold his truck, or made any child support payments.

IT IS ORDERED that Scott's Petition for Writ of Review is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED of this Order's date, and the court record should be returned as soon as possible to adjudicate pending issues in the District Court.

The Clerk of the Supreme Court is directed to provide a copy to: the Honorable Rienne McElyea, Eighteenth Judicial District Court, Gallatin County; Sandy Erhardt, Clerk of Court, Gallatin County, under Cause No. DR-18-105B; counsel of record, and Scott Morgan personally.

DATED this 5 day of October, 2021.

Chief Justice

Justices